## JOHN L. CLARK v. STATE.

No. A-10612    Oct. 23, 1946.

(173 P. 2d 750.)

138

W. O. Moffett and F. E. Riddle, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant John L. Clark was charged in the district court of Tulsa county with the crime of robbery, was tried, convicted and sentenced to serve 10 years in the State Penitentiary and has appealed.

No brief was filed on behalf of defendant, and the only contention presented by the record is that the evidence is insufficient to support the judgment of conviction.

The defendant was jointly charged with one Charles Taylor with robbing E. O. Ferch, an aged man who lived in a grocery store. In the early morning of July 15, 1944, while E. O. Ferch was asleep in the grocery store, he was awakened by being hit with a hammer. He was struck over the head four or five times before being knocked unconscious. A gun which was laying under his pillow and a small amount of cash which was in the cash register were taken. The hammer allegedly used by the robbers was left near the store and was identified as being the hammer which had been kept at the house of Bob Ferch, brother of E. O. Ferch. where the defend-

ants were staying. The defendant was arrested a few hours after the robbery and had in his possession a gun which the old gentleman who had been robbed testified was the one taken from him.

Two police officers testified that they saw the defendant and his codefendant Taylor walking along the street at 4:10 a.m. in the vicinity of the Ferch grocery. The officers stopped them and asked them a few questions and allowed them to proceed. Another policeman testified that he went to the place where the defendant Clark was staying about 8 a.m. the morning of the robbery. He found a shirt hanging in the bathroom that had just been washed. Two buttons were missing from the shirt. The officers at the scene of the robbery found a shirt button under the bed of Mr. Ferch, and the button and shirt found at the place of defendant were introduced in evidence to show that the button found at Ferch's grocery corresponded with the buttons that were on the shirt which was found at the place where defendant was staying. The proof further showed that the codefendant Charles Taylor was staying at the home of Bob Ferch, the brother of the man who was robbed, while he was away in California. That early in the evening of the night of the robbery, the two defendants had been drinking.

One of the daughters of Bob Ferch, the man who was in California, testified that the codefendant Taylor called her about 9:30 the night of the robbery and said that the Mistletoe Express had brought him a package from Oklahoma City, and that he did not have the money to pay for the package and asked if she would pay for it if he would send the express man by to get it. That the defendant said that they had been down to her Uncle

Ed's (the man who was robbed), but that he had gone to bed, and they could not rouse him. She further testified that about 1:30 a. m., the defendant came to her house and said he was the Mistletoe Express man, and that he had been lost and had been unable to find her house earlier in the evening. That she paid him at that time $5.38 allegedly for bringing a package from Oklahoma City for the codefendant Taylor.

The stepdaughter of Bob Ferch testified that she went over to her stepfather's house early the morning her uncle was robbed. That when she arrived there, she found a freshly washed khaki shirt in the bathroom, and there was bloody water dripping from it. The testimony of the man who was robbed showed that he scuffled with his assailants before he was finally knocked unconscious, and it is contended by the state that in the scuffle the shirt worn by defendant had gotten bloody. The pearl button which was found at the store, and the pearl buttons on the shirt were of a peculiar make and were identical.

Oscar Cisk testified that early in the morning of July 15th, while it was "dusky dark," he saw the defendant and another man in the alley beside the Ferch store. The defendant was wearing a khaki shirt and dark trousers and had something in his hand that looked like a poker. That the defendant and the other man proceeded on up the street.

At the close of the state's case, the defendant demurred to the evidence, and upon the demurrer being overruled, the defendant rested his case without offering any evidence in his behalf.

This court will not reverse a case for insufficiency of the evidence unless we can say that there is no substantial evidence in the record upon which the verdict could be based.

Here the defendant was seen in the vicinity of the grocery store just before, and again just after, the robbery occurred. When he was arrested he had the gun which had been taken in the robbery, and he had just finished washing is shirt, the buttons of which were identical to the peculiar pearl button that was torn off the robbers by Mr. Ferch at the time he was slugged. There were the further circumstances that the defendant and his codefendant Taylor were familiar with the grocery store, and the fact that the old man who lived in the store was almost completely deaf. The hammer used in the robbery had come from the Bob Ferch home where defendant had spent the night with the codefendant. In the absence of any evidence on behalf of defendant, the testimony of the state was sufficient to require submission of the case to the jury for their determination of the guilt or innocence of the defendant.

The judgment of the district court of Tulsa county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.