**Bill JACKSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17723.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

Rehearing Denied April 6, 1973.

Barry Albert, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., and Fred H. Anderson, Asst. Atty. Gen., and John Williams, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Bill Jackson, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF–72–33, of the offense of Concealing Stolen Property, After Former Conviction of a Felony, and sentenced to five (5) years imprisonment. Judgment

and sentence was imposed on March 20, 1972, and this appeal perfected therefrom.

It was charged by information that the defendant committed the offense of Concealing Stolen Property in violation of 21 O.S., § 1713, in that on or about January 5, 1972, the defendant concealed and withheld from its rightful owner, United Rentals, a ditch-witch two wheel trailer which had been stolen from its owner on or about December 31, 1971. The second page of the information alleged that the defendant had previously been convicted of Obtaining Merchandise by a Bogus Check in 1969 and the Offense of Concealing Stolen Property in 1969.

The evidence established that on December 31, 1971, a ditchdigger machine described as a ditch-witch was stolen from United Rentals by cutting a chain which secured the machine to a pole. On January 5, 1972, the manager of United Rentals found the same machine in a parking lot alongside another ditch-witch machine. Although the padlock was still on the machine in question, the serial number from the side of the engine had been removed. The police were then summoned by the manager of the United Rentals to this location.

Two Oklahoma City police officers, summoned to this location, testified concerning the ditch-witch machine. Officer Poe testified that shortly after he had arrived, he observed the defendant inside B & J Rental Store. The parking lot on which the machine was located was owned by A. P. Shadid, who testified that he had leased certain premises to the defendant known as B & J Rental Store. According to Shadid, the defendant was allowed to park his merchandise on the parking lot.

Although Officer Poe had seen the defendant inside B & J Rental Store shortly after he arrived, he was later unable to locate the defendant in the store. While waiting in the parking lot, the defendant was seen between two buildings. Officer Poe called to the defendant, but the defendant after looking at the officer, turned and started to run. Officer Poe chased the defendant and arrested him after running through the yards of two houses.

Officer Acox testified that the defendant, after being arrested and advised of his rights, stated he had proof of ownership for both machines, but was only able to produce one invoice for the machine which had serial numbers on it. According to Officer Acox, the defendant stated he bought the old machine, the one in question without serial numbers, about a year ago. In a follow-up investigation, Officer Kirby, after advising defendant of his rights, questioned defendant about the machine. According to Kirby, the defendant stated that he had purchased the machine in Texas, but that the papers had been lost. According to Officer Kirby, the defendant further stated that an unidentified lady had left the trailer in the parking lot.

The defendant testified that he had leased the premises on December 31, at 1:00 P.M., and first became aware of the older machine, the one in question, in the parking lot about 3:30 P.M. on the same day. The defendant stated that the landlord had restricted a specific section of the parking lot for his ditch-witch machine. The defendant testified that he saw a lady unhooking the trailer on the parking lot, but that from that time on, December 31, he never inspected the machine nor called the police.

■ It is defendant's first contention that the evidence is insufficient to support the verdict and that the trial court erred in overruling defendant's demurrer to the evidence. It is the thrust of defendant's argument that since no witness testified as to seeing defendant exercising any physical control over the machine, such as painting it, or working on it, and since anyone could have driven the machine onto the parking lot, that the evidence did not establish defendant's possession of the stolen property. In support of his proposition,

the defendant relies upon Davis v. State, 18 Okl.Cr. 112, 193 P. 745 which held:

" [T]he state relied wholly on circumstantial evidence to prove guilty knowledge on the part of defendant, and it is a well-established rule of law that, where circumstantial evidence alone is relied upon, the circumstances when considered together must point clearly and conclusively to the guilt of defendant and exclude every reasonable hypothesis other than that of guilt."

Defendant further relies upon Hanlon v. State, Okl.Cr., 441 P.2d 486, in which a conviction for Concealment of Stolen Property was reversed because the circumstances were "too remote to meet the essential element of possession." 441 P.2d at 492.

In considering the insufficiency of the evidence, "It is quite true that evidence raising a mere suspicion is insufficient and without more, a demurrer to the evidence should be sustained." Byrne v. State, Okl. Cr., 482 P.2d 620 (1971). "[P]roof amounting only to a strong suspicion or mere probability is insufficient." Brown v. State, Okl.Cr., 481 P.2d 475, 478 (1971). Defendant is correct that in this jurisdiction when the state relies wholly upon circumstantial evidence to prove guilty knowledge, the circumstances relied upon must point clearly to guilt and exclude every other reasonable hypothesis except that of guilt.[1]

However, in the instant case, we are of the opinion that the circumstances proved indicate far more than a mere suspicion or probability of guilt. The stolen merchandise was found parked on a lot in front of defendant's business. That portion of the lot had been designated exclusively for the defendant's use. The stolen machine, with the serial number removed, was parked between a similar machine owned by the defendant and a trailer which bore a sign for the defendant's business. When the police arrived, the defendant attempted to flee the scene. Upon inquiries by the officers, defendant related that he owned the stolen machine. These circumstances, if accepted by the trier of fact, in our opinion clearly and conclusively point to the defendant's guilty knowledge and exclude any other reasonable hypothesis. We do not think it to be a reasonable and plausible theory that some unidentified woman parked the stolen machine on defendant's lot next to another machine owned by the defendant, and that the defendant did nothing about the presence of the machine for several days. Defendant's story is made even less reasonable by his initial statement that he owned the machine and then his subsequent denial. Furthermore, the evidence of defendant's attempted flight is significant. We therefore conclude that the evidence was sufficient to support the verdict and that the demurrer to the evidence was properly overruled.

■ It is defendant's second and final contention that the trial court's instructions concerning the inference to be drawn from defendant's possession of the stolen property was in error in that it unconstitutionally shifted the burden of proof from the state to the defendant. The challenged instruction, number 6, reads as follows:

"The possession of recently stolen property found in the possession of one alleged to have concealed it, knowing at that time or having reasonable cause to believe that it was stolen property, *may be explained,* but such possession is a circumstance, which, *if unsatisfactorily explained* to the jury, may be considered in determining the guilt or innocence of the person charged with concealing stolen property. The mere possession of property recently stolen is not alone sufficient to convict the possessor of knowingly concealing stolen property, or hav-

---

1. Inklebarger v. State, 8 Okl.Cr. 316, 127 P. 707 (1912). Broshears v. State, 17 Okl.Cr. 192, 187 P. 254 (1920). Clark v. State, 83 Okl.Cr. 137, 173 P.2d 750 (1946). Taylor v. State, 96 Okl.Cr. 188, 251 P.2d 523 (1953). Beard v. State, Okl.Cr., 410 P.2d 567 (1965). Thompson v. State, Okl.Cr., 488 P.2d 944 (1971).

ing reasonable cause to believe that it was stolen property, but when such fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly concealing stolen property." [Emphasis added]

Defendant argues that the words "may be explained" and "if unsatisfactorily explained" in essence shift the burden of proof to the defendant and compel him to make an explanation contrary to his right to remain silent. It is true that a statutory presumption that a person in possession of stolen property knew it to be stolen, is arbitrary, creates an unconstitutional presumption, and denies the defendant of due process when a jury is so instructed. Payne v. State, Okl.Cr., 435 P.2d 424 (1967). However, the instruction in the instant case does not create such an unconstitutional presumption. The instruction in the instant case is identical to the one held to be valid by this Court in Miller v. State, Okl.Cr., 481 P.2d 175, 178 (1970). This instruction does not advise the jury that the defendant must explain his possession, rather it advises the jury that the possession *may* be explained, and if unsatisfactorily explained, such possession *may* be considered in determining guilt. The use of the word "may" is significant. The defendant is not compelled to explain away his possession either by his own testimony or other evidence, and the jury need not consider his possession in determining guilt or innocence. We therefore conclude that the instruction challenged did not unconstitutionally shift the burden of proof from the defendant. We would further note that another instruction by the trial court adequately advised the jury that the burden of proof rest with the state and the defendant is presumed to be innocent. These instructions, taken together, accurately stated the law.

Therefore, having considered defendant's assignments of error and finding them without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BUSSEY, J., concur.