**Harold HUGHES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–52.**

Court of Criminal Appeals of Oklahoma.

March 24, 1975.

Rehearing Denied June 6, 1975.

G. Wendell Cathey, Durant, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., for appellee.

OPINION

PER CURIAM:

Appellant, Harold Hughes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Atoka County, Case No. CRF–74–51, for the offense of Receiving Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. His punishment was fixed at a term of three (3) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Bill Hull, the complaining witness, testified that he and his wife were living east of Durant in Bryan County and discovered, on the 29th day of April, 1974, that all of his household goods and furniture were missing except a piano and a dresser. Among the items missing were all of their personal belongings which included such things as clothing, photographs, antiques and family heirlooms. He further testified that he spent several weeks attempting to locate the property and was successful on the 3rd day of July, 1974. The witness stated that, acting on a lead, he went to the defendant's house located in the southern part of Atoka County. When he knocked on the door, he observed some of his missing belongings through the screen door. After observing his belongings through the screen door of the defendant's home, he immediately went to the Sheriff's Office and obtained a search warrant which was properly executed. Upon entering the defendant's home pursuant to the search warrant, the witness testified that he identified virtually all of his and his wife's belongings. Further, he identified all of the Exhibits taken from the defendant's home as items stolen from his home.

The remaining witnesses called by the State substantially corroborated the testimony of Bill Hull.

No evidence or testimony was put forth on behalf of the defendant. .

The defendant's sole proposition of error alleges that the evidence was insufficient to show probable cause that the defendant committed the alleged crime, and error of law by the court in overruling the demurrer to the evidence and Information. More specifically, he contends that the defendant had no knowledge that the property was stolen property and that the property was not concealed from its rightful owner.

It is fundamental that the two essential elements of the crime of receiving stolen property are that the property must have in fact been stolen and that the accused bought or received it knowing it to have been stolen. The issue in the case at bar is, did the defendant have knowledge that the property was stolen.

In support of his contention, the defendant relies upon Walls v. State, Okl. Cr., 491 P.2d 320 (1971), which held:

"Concerning that charge, the requirements of proof are: Defendant had knowledge that the property was stolen property; and, that he was in some manner concealing it from its rightful owner."

It would appear that the defendant is asserting that "actual" knowledge must be shown. This is not the case. This Court, in Jackson v. State, Okl.Cr., 508 P.2d 277 (1973), upheld the following instruction:

" 'The possession of recently stolen property found in the possession of one alleged to have concealed it, knowing at that time or having reasonable cause to believe that it was stolen property, *may be explained,* but such possession is a circumstance, which, *if unsatisfactorily explained* to the jury, may be considered in determining the guilt or innocence of the person charged with concealing stolen property. The mere possession of property recently stolen is not alone sufficient to convict the possessor of knowingly concealing stolen property, or having reasonable cause to believe that it was stolen property, but when such fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly concealing stolen property.' " (Emphasis by the Court)

In considering the insufficiency of the evidence, "It is quite true that evidence raising a mere suspicion is insufficient and without more, the demurrer to the evidence should be sustained." See, Byrne v. State, Okl.Cr., 482 P.2d 620 (1971). Defendant is correct that in this jurisdiction when the State relies wholly upon circumstantial evidence to prove guilty knowledge, the circumstances relied upon must point clearly to guilt and exclude every other reasonably hypothesis except that of guilt. See, Thompson v. State, Okl.Cr., 488 P.2d 944 (1971).

However, in the instant case we are of the opinion that the circumstances proved indicate far more than a mere suspicion or probability of guilt. Essentially, a whole household of stolen furniture was found in the defendant's home. Every item in the defendant's living room except an old stereo belonged to the complaining witness. Every item in the kitchen with exception of the refrigerator and stove belonged to the complaining witness, the dishes, the jellies, the pots, the pans, the silverware, and such different items as egg turners and things of that nature belonged to the complaining witness. The complaining witness' bedroom furniture including their bedspreads were found set up in the defendant's bedroom. Hanging on the wall above the living room couch was a silhouette of the complaining witness and his son-in-law shooting ducks. A clock that had been given to the complaining witness for Christmas was found hanging exactly like it had been in the complaining witness' house, over one of the coffee tables which had been stolen. Furthermore, the defendant's failure to explain the circumstances surrounding his possession of such a considerable amount of stolen property, al-

though not required to do so by law, is a factor that may properly be considered by the jury as was pointed out in the instruction quoted above. We therefore conclude that the evidence was sufficient to support the verdict and that the demurrer to the evidence was properly overruled.

Therefore, having considered defendant's assignment of error and finding it without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.