Lewis Gordon BREWER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–15.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1976.

Donald E. VanMeter, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Lewis Gordon Brewer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–73–822, for the offense of Concealing and Withholding Stolen Property in violation of 21 O.S.1971, § 1713. His punishment was fixed at a Five Hundred Dollar Fine ($500.00) and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Tom Bunting testified that he was an agent with the Oklahoma Bureau of Investigation assigned to the intelligence division. That on October 15, 1973, he contacted a confidential informant in Lawton, Oklahoma. They proceeded to the Sheraton Inn where he was introduced to the defendant by the confidential informant. They engaged in a dice game in a private club of the motel. The informant asked the defendant "if he still had the stuff for sale." The defendant replied affirmatively and inquired if Bunting was okay.

They left the private club and proceeded to Route No. 1. The defendant stopped in front of a 1966 Dodge parked in front of the room, unlocked the vehicle and re-moved two small boxes from the glovebox. They entered the motel room and the defendant opened the boxes and displayed two diamond rings. Bunting declined to purchase the rings. Informant asked the defendant if he still had "the other things." Defendant replied "yes they're where I left them this morning." The defendant took the keys from his pockets and handed them to the informant. The informant left the room and returned shortly with two rifles wrapped in a sheet. Bunting examined the rifles, a .22 caliber Marlin with scope and a 30 - 30 caliber Marlin with scope. The defendant set the prices at Seventy Five Dollars ($75.00) for the 30 - 30 caliber and Forty Dollars ($40.00) for the .22 caliber. He gave the defendant Forty Dollars ($40.00) and the informant handed the defendant Seventy Five Dollars ($75.00). The defendant took the money and put it in his pocket. He identified the State's Exhibit No. 1, a Marlin Golden Fifty, as one of the rifles they purchased. He asked the defendant if they were "hot" and the defendant replied affirmatively.

On cross-examination he testified that they ran a check on State's Exhibit No. 1, to the National Crime Information Center in Washington D.C. The gun was reported stolen by the Anadarko Police on August 9, 1973. He testified that he portrayed himself as a used car dealer from Oklahoma City. He identified the defendant's Exhibit No. 1, as a .38 caliber pistol, which he purchased from the defendant on the same day. They ran a check on the pistol and had no information that the gun was stolen. He identified defendant's Exhibit No. 2, as the other rifle purchased from the defendant. A check of that rifle adduced that it had been sent from the Marlin Company to the Tulsa OTASCO Store and subsequently shipped to the Anadarko OTASCO Store. The manager of that store, however, did not have complete records reflecting actual possession of the weapon.

Ira Hart, managing partner of the Anadarko OTASCO Store, testified that on

August 9, 1973, his store was burglarized. The gun display rack had been broken open and a number of the guns were missing. He identified State's Exhibit No. 1, as one of those missing. He identified certain Federal Firearm Records which indicated that State's Exhibit No. 1, had never been sold. He testified that the retail value of State's Exhibit No. 1 was approximately One Hundred Twenty Five Dollars ($125.00) and defendant's Exhibit No. 2 would have a retail value of approximately Sixty Dollars ($60.00).

For the Defense, Orba Standridge Jr. testified that he was part-owner of Triple S Shooters Supply. The State, thereupon stipulated as to his qualifications as an expert as to the value of weapons. He testified that the retail value of defendant's Exhibit No. 2 in 1973 would be approximately Twenty Nine Dollars ($29.00) and the retail value of State's Exhibit No. 1 would be approximately Four Hundred Nineteen Dollars ($419.00). He testified that each of the guns appeared to have been fired. Based upon that fact, coupled with a sale between two individuals a price of State's Exhibit No. 2 would be Fifteen ($15.00) to Twenty ($20.00) Dollars and State's Exhibit No. 1, Sixty ($60.00) to Eighty ($80.00) Dollars.

■ The first assignment of error is that the State failed to prove all the elements of the offense of concealing stolen property. The defendant first argues that the evidence was insufficient to establish that the defendant had knowledge that the property was stolen. We disagree, the record reflects that Agent Bunting testified as follows:

"Q. At the time that you purchased State's Exhibit 1 from Mr. Brewer, was there any discussion at all as to the nature or the source of that gun? The nature of the gun?

"A. I asked him if they were hot?

"Q. What did he say?

"A. 'Yes.'" [Tr.10]

In *Lewis v. State*, Okl.Cr., 458 P.2d 309 (1969) we stated:

". . . we have repeatedly held that any statement made by a defendant which is in the nature of an admission or from which inference of guilt may be drawn, is admissible as direct and original evidence. See *Born v. State*, Okl. Cr., 397 P.2d 924 (1964) and *Jordan v. State*, Okl.Cr., 327 P.2d 708 (1958)."

■ The defendant next contends that the evidence was not sufficient to show that he was in some manner concealing the property from its rightful owner. The record does not support this contention. Agent Bunting testified as follows:

"Q. O.K. What occurred then?

"A. Then the conversation led to the— the informant asked Mr. Brewer, 'You still have the other things?' He said, 'Yes, they are where I left them this morning,' and then he removed the keys from his pocket and handed them to him —

"Q. Handed them to the informant?

"A. To the informant. He departed the room and returned with a sheet wrapped around the two rfiles . . ." [Tr. 7 & 8]

It is thus readily apparent that the defendant had placed the guns somewhere near his motel room and had constructive control over the area through possession of the keys. We further observe that there was no defense testimony which refuted this conclusion. In *Hughes v. State*, Okl. Cr., 536 P.2d 990 (1975) we stated:

". . . the defendant's failure to explain the circumstances surrounding his possession of such a considerable amount of stolen property, although not required to do so by law, is a factor that may properly be considered by the jury . . ."

We therefore find this assignment of error to be without merit.

■ The second assignment of error is that the prosecutor made improper com-

ments upon the defendant's failure to testify. The complained of remarks are as follows:

"MR. LILE: . . . Of course, none of that is denied by any of the State's evidence or any of the Defendant's evidence. That element, I think has been shown beyond a reasonable doubt, and without any contradiction on the part of the Defendant. . . . Again, that it is not denied by the Defendant or by any of the defense counsel's evidence. . . . can you think of anything in the defense case which denies that Mr. Brewer did these things; . . I don't think there's anything that ever denies that . . . the State. . . . proved beyond a reasonable doubt; in fact, beyond contradiction—without contradiction. . . . Can you think of anything in defense case which denies the State's proof?" [Tr. 56, 57, 58, 59 & 60]

We are of the opinion that said remarks are not improper. The District Attorney merely reviewed the testimony that the State had presented and the only evidence dealing with the substantive elements of the offense. He was not directly commenting that the defendant failed to testify. In *Green v. State*, Okl.Cr., 541 P.2d 224 we stated:

"This court has long held that 22 O.S. § 701 is a comprehensive statute and will not be enlarged nor extended to prevent a fair discussion of evidence. In *Denney v. State*, Okl.Cr., 346 P.2d 359, (1959), in the second paragraph of the Syllabus, the following language appears:

"'The Oklahoma statute prohibiting comment on failure of the defendant to testify is comprehensive in the extreme and the Court of Criminal Appeals will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witness in her behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the State's evidence by proper proof other than that which might be given by the defendant personally.'"

The defendant bases his third assignment of error upon the theory that once the confidential informant took possession of the guns in question, they ceased to be stolen property and, therefore, defendant Brewer could not convey them to Officer Bunting illegally. Defense cites as authority *Booth v. State*, Okl.Cr., 398 P.2d 863 (1965) which held that where stolen items were recovered by the police and by prearrangement, turned over to the thief to be delivered to the would-be purchaser, purchaser could not be convicted of receiving stolen property because the items had lost their character as stolen property when recovered by the authorities. We are of the opinion, that *Booth*, supra, is distinguishable from the instant case. Booth was convicted of receiving stolen property wherein the defendant was convicted of concealing and withholding stolen property. Although both offenses are under 21 O.S.1971, § 1713, they have distinctly separate elements. The elements of the offense of receiving stolen property are: (1) the property be in fact stolen and that (2) the accused that received it knowing it to be stolen. *Samples v. State*, Okl.Cr., 337 P.2d 756 (1959). The elements of concealing stolen property are: (1) knowledge of the defendant that the property was stolen and (2) the act of the defendant concealing it in some manner from its rightful owner. *Walls v. State*, Okl.Cr., 491 P.2d 320 (1971). We are of the opinion that the offense of concealing and withholding stolen property was already committed on October 15, 1973, prior to the defendant transferring the keys to the confidential informant. Defendant further argues under this assignment of error that the trial court erred in failing to instruct the jury as to entrapment. We again, must disagree. The record is devoid of any evidence that would support such an instruction to the jury. We have previously con-

cluded that Agent Bunting did not become involved with the defendant until after the offense of concealing and withholding stolen property had been committed. It would thus be impossible for the officer to adduce, persuade, or entice the defendant in the commission of a crime, which the evidence unequivocally established had already been committed. We therefore find the final assignment of error to be without merit.

■ In conclusion, we observe that the record reflects that defendant is indigent and was represented at both the trial and on appeal by court appointed counsel. The trial court's attention is directed to the provisions of Section V of the Rules of this Court, which provide, as follows:

"Rule 5.1 *Judicial Hearings*

When the Judgment and sentence of a court, either in whole or in part, imposes a fine and/or costs upon a defendant, a judicial hearing shall be conducted and judicial determination made as to the defendant's ability to immediately satisfy the fine and costs.

Rule 5.2 *Immediate confinement on refusal or neglect to pay fine and/or costs*

If the defendant, by judicial finding, is able to immediately satisfy fine and/or costs, but refuses or neglects to do so, he may be immediately confined. If the defendant does immediately satisfy the fine and/or costs, no determination need be made.

Rule 5.3 *Judicial determination as to defendant's ability to satisfy fine and/or costs by installment payments; installment payments; installment payments of costs in event of imprisonment*

If the court conducting the hearing, judicially determines that defendant is immediately unable to pay the fine and/or costs, or that in case of a judgment of imprisonment and fine and/or costs, he is unable to satisfy that part of the judgment relating to fine and costs while in custody, a judicial determination shall be made as to defendant's ability to satisfy fine and/or costs by making payments in installments. In event of imprisonment as part of the judgment, a determination shall be made as to his ability to make installment payments after completion of the term of imprisonment.

Rule 5.4 *Ordering installment payments and fixing the date*

After a judicial finding that the defendant may be able to pay the fine and/or costs in installments, the court may order the defendant to make payment of installments in reasonable amounts and fix the due date of each payment, the defendant to appear before the court on each due date.

Rule 5.5 *Failure to make installment payments when due*

If the defendant fails to make an installment payment when due, he must be given an opportunity to be heard as to his refusal or neglect to pay the installment when due. If no satisfactory explanation is given, the defendant may then be imprisoned. If, because of exigent circumstances or misfortune, defendant is unable to make payment of a particular installment when due, he should be given further opportunity to satisfy the fine and/or costs, this being with the discretion of the court, to be governed by the facts and circumstances of each particular case.

Rule 5.6 *Inability to pay installments because of physical disability or poverty*

In the event the defendant, because of physical disability or poverty, is unable to pay fine and/or costs either immediately or in installment payments, he must be relieved of the fine and/or costs; or, in the alternative, be required to report back to the court at a time fixed by the court to determine if a change of condition has made it possible for the defendant to commence making installment payment toward the satisfaction of fine and/or costs.

Rule 5.7 *Change of conditions; imprisonment for failure to appear*

At any time so fixed by the court for the defendant to appear on due date of installment or to appear for examination to determine change of condition set out in Rule 5.6 above, and the defendant fails to appear, he may be imprisoned to satisfy the fine and/or costs.

Rule 5.8 *Court Reporter; judicial order reduced to writing and filed of record; contents of order*

A reporter should be present and report all such judicial hearings above referred to and any Order of the court, whether there be a Court Reporter in attendance or not, should be reduced to writing and filed of record in the case. Such Order should set forth the findings of the court regarding defendant's ability or inability to pay fine and/or costs, his refusal or neglect to do so, if that be the case, the amount of the installments and due dates, if such be the Order of the court, and all other Findings of Facts and Conclusions of Law necessary to support the Order of the court."

Finding no error in the record which would justify modification or reversal, the judgment and sentence appealed from is accordingly *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.