Steve CARTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–403.

Court of Criminal Appeals of Oklahoma.

June 5, 1979.

William J. Baker, Stillwater, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Andrew Wilcoxin, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Steve Carter, and Todd Shinault, hereinafter referred to as co-defendant, were charged with Knowingly Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971 § 1713. On February 10, 1978, a two-stage trial was held in the District Court, Payne County, the Honorable Ray Lee Wall presiding. The jury found both appellant and co-defendant guilty, and each was sentenced to eight (8) years in the custody of the Department of Corrections.

The State produced evidence to show that Brit Baber was the night clerk at Griffin's Gas Up, a convenience store and gas station in Stillwater, Oklahoma. Shortly after midnight of August 15, 1977, the appellant and co-defendant entered the store, with the appellant carrying a paper sack. During the subsequent conversation, the appellant inquired whether Baber would accept the items in the paper sack as collateral for the goods to be purchased. Baber had pre-

viously observed that the sack contained a camera body and lenses. Baber agreed to the collateral proposal. The appellant and co-defendant made purchases totaling approximately five dollars. Baber believed the collateral items were worth much more than the goods received. The camera body and lenses were left with Baber, and the appellant and co-defendant departed together.

Later that morning, after inquiries by Baber, the Stillwater Police Department determined these items had been stolen on August 3, 1977, from the automobile of Stephen A. Castleberry. Mr. Castleberry identified the items and assessed their cost to him at $1,700.00 and their present fair market value at $850.00.

Neither the appellant nor his co-defendant testified or offered any evidence.

### I

Appellant's first assignment of error is that the State's evidence was insufficient to prove beyond a reasonable doubt that the appellant knew or had reasonable cause to know the property was stolen.

■ The elements of concealing stolen property are: (1) knowledge that the property was stolen and (2) the act of concealing it in some manner from its rightful owner. *Brewer v. State,* Okl.Cr., 554 P.2d 18 (1976); *Walls v. State,* Okl.Cr., 491 P.2d 320 (1971). The State is not required to prove that an accused had actual knowledge that the property was stolen. It is sufficient to prove that the accused had reasonable cause to believe the property was stolen. *Gentry v. State,* Okl.Cr., 562 P.2d 1170 (1977). And while mere possession of property recently stolen is not alone sufficient proof of such knowledge, that fact supplemented with other facts inconsistent with honest possession does create a question of fact for the jury. *Gentry v. State,* supra; *Richardson v. State,* Okl.Cr., 545 P.2d 1292 (1976); *Hughes v. State,* Okl.Cr., 536 P.2d 990 (1975); *Jackson v. State,* Okl.Cr., 508 P.2d 277 (1973).

■ We find there was competent evidence, although entirely circumstantial, from which the jury could find that the appellant knew or should have known the camera and lenses were stolen and that the appellant acted to conceal or withhold this property from its owner, especially in view of the great disparity in value between the collateral given (that is, the cameras) and the merchandise received. As we stated in *Slavens v. State,* Okl.Cr., 559 P.2d 1258 (1977), the essential elements of a crime may be established circumstantially. And we have consistently held that the weight of all evidence—circumstantial as well as direct—is for the jury. We will not disturb the jury's verdict when there is evidence, albeit circumstantial, to support that verdict. *Hunter v. State,* Okl.Cr., 478 P.2d 1001 (1970); *Roberts v. State,* Okl.Cr., 479 P.2d 623 (1971).

■ We repeat our holding in *Disheroon v. State,* Okl.Cr., 357 P.2d 236 (1960), wherein we said, in the first paragraph of the Syllabus:

"[I]n the trial of a criminal case, questions of fact involving the guilt or innocence of the accused are always for the jury, and when, on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of the jury will not be disturbed. In such cases, only errors of law will be reviewed."

### II

The appellant's second assignment of error alleges that he was denied his right of Equal Protection during the second stage of the proceedings, specifically in regard to Laws 1970, ch. 86, § 1, (a predecessor of 10 O.S.Supp.1978, § 1101). Since the filing of the briefs in this case, this Court has spoken on the effect of that Section, its unconstitutionality and its affect on convictions. See *Edwards v. State,* Okl.Cr., 591 P.2d 313 (1979).

The appellant has one previous conviction: in the District Court of Payne County for the crime of Burglary in the Second Degree, Case No. CRF–71–3. The final judgment was handed down on the 21st of May, 1971; and it states that the appellant was 16 years of age at the time it was imposed. But the appellant alleges that he was never certified to stand trial for the offense as an adult. This previous felony raised the maximum prison detention for the jury to consider in the second stage of the proceedings from five to ten years in the present case.

From the preceding we determine that the case falls within the application of *Edwards v. State,* supra. That case speaks to the situation which exists here, where the appellant is not challenging an allegedly invalid conviction, but one in which the maximum punishment was raised as the result of a prior allegedly invalid conviction. If the appellant was not certified, and would not have been certified, had a certification hearing been held, then the District Court should grant the appropriate relief. In the appellant's case that would mean nullification of the 1971 conviction and modification of the present sentence because the eight year sentence exceeds the maximum provided by statute. However, in *Edwards* this Court provided that a person complaining of his earlier juvenile conviction should initiate an application for post conviction relief under the provisions of 22 O.S.1971, § 1080, et seq., to challenge the validity of that judgment and sentence. With reference to the instant case, the appellant must file that application in the District Court of Payne County. That court must then make a determination as to whether or not the juvenile would have been certified to stand trial as an adult. In the event that decision is adverse to the applicant and relief is denied, that denial may be appealed to this Court under the provisions of 22 O.S.1971, § 1087, and Rule 4 of the Rules of this Court. On the other hand, if the District Court finds that the juvenile conviction should be vacated, then the sentence in the instant case must subsequently be made to conform to the provisions of 21 O.S.1971, § 1713.

III

The appellant's third assignment of error deals with the impanelment of the jury. In *Landrum v. State,* Okl.Cr., 486 P.2d 757 (1971), we noted that without a transcript of the voir dire or other pertinent proceedings, there was nothing for this Court to review with regard to the jury selection. The appellant makes a mere allegation that the jury was not selected as required by law, but does not substantiate his claim.

The appellant's time to submit proof of the allegations was at the time he made his motion to quash the jury. But when his motion was overruled he went on to another motion, without asking for a hearing. Furthermore, on appeal the appellant still makes no attempt to substantiate his allegations. There is nothing in his brief except the bald assertion of systematic exclusion, without support of any kind.

The United States Supreme Court has held that every jury need not contain representatives of all racial groups of the community. Such complete representation would be impossible. The jury must only be free from any systematic, intentional exclusion of any of these groups. *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). In the instant case, the appellant has failed to raise a sufficient question as to such an exclusion to justify consideration on the merits.

IV

The final assignment of error concerns prejudicial remarks made by the prosecuting attorney in his closing argument during the second stage of the proceedings. These comments, however, were made during the second stage, and therefore cannot have contributed to the finding of guilt.

The judgment and sentence is *AFFIRMED* without prejudice to the defend-

ant's filing a post conviction relief application as hereinbefore discussed.

CORNISH, P. J., and BUSSEY, J., concur.