**Wallace Geary FIELDS and Sarah Fields, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–81–617.

Court of Criminal Appeals of Oklahoma.

July 29, 1983.

James E. Wallace, Grove, for appellants.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellants, Wallace Geary Fields and Sarah Fields, were charged· in the District Court of Delaware County in Case No. CRF–80–183 with the offense of Knowingly Concealing Stolen Property under 21 O.S. 1971, § 1713. A supplement to the information charged appellant Wallace Geary Fields with a former conviction of the same offense. They were tried by a jury, convicted, and sentenced to serve seven and five years, respectively, in the custody of the State of Oklahoma Department of Cor-

rections. From the judgments and sentences entered in accordance with the jury's verdicts, both appellants have appealed to this Court.

Appellants first contend that the State's circumstantial case against them was insufficient to support a conviction. In their second assignment of error they argue that the trial court erred in failing to direct a verdict of acquittal for appellants at the close of the State's evidence. In regard to these contentions, a thorough recitation of the facts presented to the jury is necessary.

On August 30, 1980, Steve and Susie Williams, owners of the Koffee Kup Kafe in Grove, Oklahoma, left their residence, along with her parents and their son, to visit St. Louis, Missouri for several days. The employees of the restaurant, including appellant Sarah Fields, knew about the trip. When the Williamses returned on September 2, 1980, they discovered that their house had been burglarized and that approximately $45,000 in cash had been stolen. The money, which had been kept inside a grandfather clock, consisted of various denominations organized as follows: three five-thousand-dollar bundles of hundred-dollar bills, ten one-thousand-dollar bundles of fifty-dollar bills, thirty-eight five-hundred-dollar bundles of twenty-dollar bills, twelve fifty-dollar bundles of two-dollar bills, and a bundle of mixed bills that added up to almost two hundred dollars.

Each bundle was paper clipped together and had a piece of adding machine tape on it designating the amount of money in each stack. The two-dollar bill bundles also had a rubber band around each end. The only other property missing from the house was a piggy bank.

Appellant Sarah Fields missed several days of work the following week, and terminated her employment at the Koffee Kup Kafe on or about the 18th of September, 1980. Several days later, a search warrant was issued for the appellants' residence. The following amounts of cash were found: fifty-two two-dollar bills, thirteen hundred-dollar bills, one hundred fifteen dollars in mixed bills, and almost three hundred dol-

lars in coin. Some of the money was found inside towels and other linens. In addition, ninety-five dollars was found on appellant Geary Fields' person, and eight thousand dollars in fifties and hundred-dollar bills was found inside the wooden leg of a third person at the residence.

Susie Williams testified that prior to the burglary, she and Ms. Fields had been best friends, but that the relationship changed afterward. She also testified that Ms. Fields earned $1,900 in 1980, that she had been a conservative spender before the burglary, and that she (Ms. Fields) was the only person other than the witness, her husband, and her parents, who knew about the large cash savings kept in the Williamses' home.

The remainder of the State's case was comprised of individuals who had received cash payments from the appellants after the burglary. Cindy Swanson, a credit clerk at Montgomery Wards in Joplin, Missouri, testified that on September 4, 1980, Ms. Fields paid her $126.77 in two-dollar bills which were in bundles of fifty dollars each and were fastened together either by paper clips or rubber bands. Curtis Kenney, the owner of a store in Langley, Oklahoma, testified that on September 4, 1980, he sold appellants a television set costing approximately $1,070 for which they paid with two or three hundred-dollar bills, a few fifties, and the remainder in twenty-dollar bills.

Betty Mustain, the operator of a furniture store in Grove, Oklahoma, testified that on September 2, 1980, several items of furniture costing approximately $676 were bought and paid for by appellants in cash, mostly with fifty-dollar bills. Chester Crittenden testified that sometime during September, October or November he sold appellants a tractor for which they paid the $1,000 purchase price with twenty-dollar bills. Finally, James LeMaster testified that sometime during August or September of 1980, he delivered a load of lumber and sheet metal to the appellants' house and was paid approximately $2,900 in twenty-dollar bills which were paper clipped into bundles.

After this testimony, the State rested. Appellants moved for a directed verdict, which the trial court denied. Appellants presented no evidence. After instructions and closing arguments, the case went to the jury.

We will consider appellants' first and fifth assignments of error together. In their first assignment of error, appellants contend that the evidence presented by the State was insufficient to justify a conviction of the crime charged. The fifth assignment of error alleges that the circumstantial evidence failed to exclude every reasonable hypothesis but that of guilt.

■ Initially we note that their brief erroneously states that one of the elements of the crime of Knowingly Concealing Stolen Property is that the property was stolen by a person other than the one charged with concealing it. Although that is a requirement for *receiving* stolen property, the only requirements of proof for Knowingly Concealing Stolen Property are: (1) knowledge that the property was stolen, and (2) the act of concealing the property in some manner from the rightful owner. *Walls v. State,* 491 P.2d 320 (Okl.Cr.1971).

■ Appellants assert that the State did not prove these elements as there was no showing that the money found in appellants' house was the same money stolen from the Williamses' house. As stated in *Carter v. State,* 595 P.2d 1352 (Okl.Cr.1979), the State is not required to prove that an accused had actual knowledge that the property was stolen. It is sufficient to prove that the accused had reasonable cause to believe the property was stolen. And while mere possession of property recently stolen is not alone sufficient proof of such knowledge, that fact supplemented with other facts inconsistent with honest possession does create a question of fact for the jury.

■ When the State presents only circumstantial evidence, as in the case at bar, the circumstances proved must not only be

**1304**

consistent with each other, but inconsistent with any reasonable hypothesis other than the defendant's guilt, and a conviction cannot stand where the evidence establishes no more than a mere suspicion of guilt. *Fain v. State,* 551 P.2d 1140 (Okl.Cr.1976).

■ It is our opinion that the circumstantial evidence presented in this case was sufficient for the jury to conclude there was no reasonable hypothesis other than that appellants knew the money was stolen and that they concealed it from the rightful owner. This Court has consistently held that the weight of all evidence—circumstantial as well as direct—is for the jury. We will not disturb the jury's verdict when there is evidence, albeit circumstantial, to support that verdict. *Carter,* 595 P.2d at 1354.

■ Having found no merit to the proposition that the evidence was insufficient to support the jury's verdict, we need not discuss appellants' second assignment of error, for whenever the State's evidence alone is sufficient to support the verdict, it is also sufficient to justify overruling a motion for directed verdict.

Appellants' third assignment of error alleges that the trial court permitted the prosecutor during voir dire to read the list of subpoenaed prospective defense witnesses to the jury, and that, in view of the fact that ultimately no defense witnesses were called, such was error as it compromised their right to remain silent and to have no adverse inferences drawn therefrom. The record does not support this contention as it indicates that no name of any prospective defense witness was actually read to the jury. The defense attorney at trial objected when he observed that the prosecutor "was getting ready to read" to the jury the list of witnesses subpoenaed by the defense. The voir dire had not been recorded before this objection, but was recorded thereafter. It appears from the record that no names were read, even after the objection was overruled. Therefore we find this proposition to be without merit.

■ Appellants assert in their fourth proposition of error that the evidence that the appellants made substantial purchases with cash during a period of time immediately following the occurrence of the theft was not relevant because the State never established that the money used to make the purchases was the same money stolen from the Williamses' house. We believe that such evidence falls within the definition given in 12 O.S.Supp.1980, § 2401, which states that relevant evidence is evidence which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Appellants further argue that even if the evidence were relevant, the probative value was outweighed by the prejudicial effect. This argument is wholly without merit.

■ Appellants also assert that the testimony of Don Kennedy regarding the $8,000 cash found inside a wooden leg of an unidentified man resulted in prejudice. However, appellants did not object to this testimony at trial. This Court stated in *Roberts v. State,* 568 P.2d 336 (Okl.Cr.1977), that evidence admitted without objection is not subject to review on appeal. Although this evidence was the subject of a motion in limine, appellants were still required to object at trial to the introduction of the evidence. *Teegarden v. State,* 563 P.2d 660 (Okl.Cr.1977). Therefore, the appellants' argument regarding Mr. Kennedy's testimony also fails.

For the above and foregoing reasons, it is the opinion of this Court that the judgments and sentences appealed from should be, and hereby are, AFFIRMED.

CORNISH, J., concurs.

BUSSEY, P.J., concurs in results.