**Rodney L. WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–525.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Rodney L. Williams, hereinafter referred to as the defendant, was convicted of two counts for Knowingly Concealing and Withholding Stolen Property and for Assault and Battery Upon a Police Officer, said convictions After Former Conviction of Two or More Felonies, in Comanche County District Court, Case No. CRF–83–62. He was sentenced to serve consecutive twenty (20) year terms for each count of Knowingly Concealing and Withholding Stolen Property to run consecutive with a six (6) month sentence for Assault and Battery Upon a Police Officer.

Defendant contests the sufficiency of the evidence pertaining to one of the counts of Knowingly Concealing and Withholding Stolen Property, in his first assignment of error.

The testimony established that a stereo had been stolen from a Lawton resident in January, 1983. Alex Simms, at the Arrow Pawn Shop, bought the stereo from the defendant on the same day it was stolen for $150 and the defendant signed his name "Ronald Howard" on the pawn shop receipt. Lawton police detective Greg Lord testified to the procedure of comparing pawn shop receipts with items listed as "stolen" on police reports and determined

that Simms had purchased a stolen stereo. Simms testified that when the defendant entered the pawn shop a second time the same day, he told him that the police had been in and that they knew the defendant's identity. Simms stated that the defendant replied, "I better leave."

Defendant testified that he used the name "Ronald Howard" because his friend Chuck, who accompanied him when he allegedly bought the stereo, knew him by that name. The defendant stated that he and Chuck went to a friend of Chuck's by the name of "Ron" or "Don" and bought the stereo from him for $75 and that he did not know that it was stolen because "Ron" or "Don" said it belonged to him.

■ Defendant argues that the State failed to prove that he had the requisite knowledge that the stereo was stolen and hence, his demurrer should have been sustained. The elements of knowingly concealing stolen property are knowledge that the property was stolen and the act of concealing it in some manner from its rightful owner. *Carter v. State*, 595 P.2d 1352 (Okl.Cr.1979). This Court has held that while mere possession of property recently stolen is not alone sufficient proof of such knowledge, that fact supplemented with other facts inconsistent with honest possession creates a question of fact for the jury. *Fields v. State*, 666 P.2d 1301 (Okl.Cr.1983). Such facts were signing a false name on the pawn shop receipt on the same day that the stereo was stolen, replying "he better leave" to Simms after being told the police knew who he was when he returned to the pawn shop for the second time, and testified to paying only $75 for the stereo while later selling it for twice that amount when the seller could have easily done the same thing. We are of the opinion that these facts were sufficient to present to the jury the issue whether the defendant knew or should have known that the stereo was stolen. *Fields*, supra at 1303. Further, we have repeatedly held that the weight of all evidence is for the jury and we will not disturb its verdict when there is evidence, albeit circumstan-

tial, to support that verdict. *Fields*, supra at 1304. Therefore, this argument is without merit.

■ In his second assignment of error, defendant asserts that the trial court erred in failing to grant a mistrial when the prosecutor began to read a charge which had been dismissed. The pertinent part of the prosecutor's opening statement in the non-bifurcated proceeding was:

... Rodney L. Williams then and there being, did then and there wilfully, unlawfully, wrongfully and feloniously commit the crime of: Count One, possession of a stolen motor—

THE COURT: Mr. Tannery? Can I see you a minute? (Tr. 82–83).

While this Court agrees with the defendant that it is error in a bifurcated proceeding to read language alleging prior convictions in the opening statement, (otherwise known as the "second page" of the information), we fail to see where, when the defendant specifically waived a bifurcated trial, he suffered prejudice. The record reveals that the error was wholly inadvertent, that the prosecutor was cut short in mid-sentence by the alert trial judge and that no further mention of this charge was made for the balance of the trial. Nor could the defendant have been prejudiced by the error because the prosecutor continued his opening statement by alleging the existence of five prior felony convictions as is proper in a non-bifurcated trial. The defendant admitted he had been convicted of those five felonies on direct-examination. This Court has often held that even if there is error during trial, this alone is insufficient to require reversal. The error must injure the defendant and the burden is on him to establish that he was prejudiced in his substantial rights by the error. *Smith v. State*, 656 P.2d 277 (Okl.Cr.1982). The defendant has failed to demonstrate sufficient prejudice and therefore we find this assignment of error without merit.

■ In his final assignment of error, the defendant complains that the prosecutor committed reversible error by commenting on his veracity by stating: "Now, don't

let him con you. He told you a story." Initially we note that defense counsel failed to object at trial, and did not request that the jury be admonished. The rule is well-settled that counsel must voice a contemporaneous objection and request an admonition and when this is not done, any objection is waived unless the remarks are so fundamentally prejudicial that the trial court could not by instructions to the jury correct such error. *Stevenson v. State*, 647 P.2d 437 (Okl.Cr.1982); *Ellis v. State*, 652 P.2d 770 (Okl.Cr.1982). After reviewing this isolated comment in the context of the entire closing argument, we do not find that it warrants reversal in light of the evidence presented. This assignment of error is without merit.

Accordingly, the judgment and sentence is hereby AFFIRMED.

PARKS, P.J., and BRETT, J., concur.