Alfred Jack McMILLAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-602.

Court of Criminal Appeals of Oklahoma.

June 18, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Alfred Jack McMillan, was convicted in the District Court of Carter County, Case No. CRF–83–11, of Possession and Concealment of Stolen Property, for which he received a sentence of three years' imprisonment, and he appeals raising three assignments of error.

Briefly stated, the facts are that on December 10, 1982, at about 10:30 a.m., two saddles, two saddle pads, two bridles, a pair of clippers, and a chain saw were reported missing to the Carter County Sheriff. That same day, about noon, Depu-

ty Sheriff Earl Russell went to appellant's house in response to information from a reserve deputy sheriff that appellant was attempting to sell some saddles which may have been those which were reported as stolen. After being advised of his rights and questioned by Russell, appellant led him to the missing property located in his garage. The chain saw was not recovered.

In his first assignment of error, the appellant alleges that the State failed to prove that he knew the property he possessed had been stolen. Actual knowledge that the property is stolen is not required for conviction. Proving that the accused had reasonable cause to believe the property was stolen is sufficient. *Carter v. State*, 595 P.2d 1352 (Okl.Cr.1979). Possession of the stolen property supplemented with other facts inconsistent with honest possession creates a question of fact to be resolved by the fact-finder. *Carter*, supra. The record shows that the appellant claimed that he obtained the saddles for one hundred fifty dollars when offered to him for two hundred dollars by a stranger whom he met outside a club. They were hidden beneath a tarp in the back of a pickup. The property was recovered within a few hours after it had been reported stolen. The appellant initially denied any knowledge of the saddles when questioned by Russell, but when he asked the appellant if he could search the garage, appellant admitted he did have the property. We find that sufficient facts were presented to support a conviction. This assignment of error is without merit.

For his second assignment of error, the appellant alleges that the information was defective. The record shows that the appellant entered a plea to the information now being attacked on January 10, 1983. On September 21, 1983, the day of his trial, he filed a "Plea in Abatement and Motion to Quash and Set Aside the Information." The trial court correctly overruled this motion because, "Once a defendant pleads to an information and goes to trial, he has waived his right to attack the sufficiency of the information on appeal." *Byrne v.*

**1276**

*State,* 620 P.2d 1328, 1331 (Okl.Cr.1980). However, even a cursory examination of the information in this case reveals that it was sufficient to charge a violation of 21 O.S.1981 § 1713(1). Therefore, this assignment of error is without merit.

■ For his final assignment of error, the appellant contends that the consent he gave to search his garage was involuntary and therefore invalid. The record shows that the appellant was read his rights under *Miranda* before Deputy Sheriff Russell asked him about the stolen saddles and equipment. After denying any knowledge of the saddles or that they were in his possession, Russell told the appellant that he did not believe him, because he had information that the property was in appellant's garage, and that Russell "wanted to take a look in his garage." At that point appellant stated that he did have the saddles, that they were in the garage, and he consented to a search, took Russell to the garage and showed him the saddles. He was not placed under arrest at the time, and in fact, was not arrested until January 7, 1983. Whether a consent to a search was voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances. *Holmes v. State,* 568 P.2d 317 (Okl.Cr.1977). We find that the circumstances show that the consent was voluntary and therefore this assignment of error is also without merit.

The judgment and sentence is **AFFIRMED.**

PARKS, P.J., and BRETT, J., concur.