Clayton APPLETON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–799.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., William S. Newberry, Jr., Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Clayton Appleton, was charged, tried and convicted in the District Court of Beckham County for the crime of Concealing Stolen Property in Case No. CRF–84–135 and was sentenced to an indeterminate sentence under the Nonviolent Intermediate Offender Act, and he appeals.

Briefly stated the facts are that on December 7, 1984, the appellant was arrested in Elk City, Oklahoma after a police officer observed that he was driving a new car that had been stolen from a car dealership in Frederick, Oklahoma on December 6, 1984. The tag number on the car checked to a different vehicle, and the Vehicle Identification Number matched the vehicle taken from Frederick. Also, a pistol stolen from a desk at the car dealership was found hidden in the rear compartment of the car.

Appellant testified that he was surprised when he found out that the car was stolen.

He testified that he rode in the car to Elk City with a close friend on December 6, 1984, and that he did not know where his friend had obtained the car. He also stated that when he was arrested he had driven the car to the store while his friend stayed at a house in Elk City. Appellant testified that the car was obviously new, and he admitted that he had a previous felony conviction.

In his sole assignment of error appellant contends that the evidence presented at trial was insufficient to sustain the verdict. Specifically, he alleges that the State failed to prove that he had knowledge that the vehicle was stolen. This Court has held that while mere possession of property recently stolen is not alone sufficient proof of such knowledge, that fact supplemented with other facts inconsistent with honest possession creates a question of fact for the jury. *Williams v. State*, 704 P.2d 502, 504 (Okl.Cr.1985). Such facts were that appellant allegedly rode in the new car with his close friend for several hours and knew or should have known that it was stolen; the vehicle had a stolen license plate; the vehicle was recovered less than forty-eight (48) hours after it was reported stolen; the appellant was in the car the day it was stolen; and appellant's explanation is wholly uncorroborated. We are of the opinion that these facts, when viewed in the light most favorable to the State, were sufficient to establish the element of knowledge beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment of error is without merit.

The judgment is affirmed; however, this case must be remanded for resentencing since a majority of this Court has recently held the Nonviolent Intermediate Offender Act is unconstitutional. *Swart v. State*, 720 P.2d 1265 (Okl.Cr.1986).

BRETT, P.J., and PARKS, J., concur.