Jack Heyward **THOMPSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–15295.

Court of Criminal Appeals of Oklahoma.

March 25, 1970.

---

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Jack Heyward Thompson, hereinafter referred to as defendant, was charged, tried and convicted of the crime of Burglary in the Second Degree in the District Court of Oklahoma County, and his punishment fixed at seven years in the penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that sometime between July 17th and July 22nd, 1968, a beige colored coin-operated telephone was removed from the Sacred Heart School without permission of the telephone company, identified as State's Exhibit #1.

On or about July 22nd, an apartment at 805 SW 29th Street was occupied by defendant, and one Elaine Griffith. A baby-sitter employed by Elaine, and paid by defendant, on or about July 22nd saw the telephone in a closet. Louise Smith lived in the residence, 805 SW 29th, of which this apartment was a part and on or about July 23rd, she entered the apartment and saw the telephone torn apart in the closet. A day or two before she had awakened at 5:00 a. m. and heard voices in the apartment, separated only by a door. She looked through the keyhole and saw defendant and another man squatting on the floor working over a shiney beige-colored object, which resembled States Exhibit #1, as to color and size, although at the time she did not recognize it as a telephone.

Detective Summers of the Oklahoma City Police Department on July 24, 1968, went to the apartment and questioned defendant, who was in the street in front. Defendant gave the name Francis Laird

Peoples and the detective, after warning defendant of the privilege against self-incrimination, asked him about the telephones, to which defendant replied that they were there when defendant moved in. Later defendant said a friend had brought them over shortly before. The officer testified defendant told him that he and the Griffith woman were not married, but living together, and had rented the apartment giving a fictitious name. The detective testified that he and defendant entered the residence, "He took me in with him when we went in * * * through the front door." (R 48).

A hearing was had outside the presence of the jury concerning defendant's interrogation by the officers. Detective Robert Graham Hervey testified as follows (R 50–51):

"* * * We went up to the 4th floor of the Oklahoma City Jail where we got the defendant out of his cell, brought him back to the interrogation room at which time I advised the defendant of his rights, that he had the right to have an attorney present, that if he could not afford an attorney one would be provided him, that he did not have to talk to us unless he wished to, that anything he said could be used against him in a court of law; that if he didn't wish to talk to us he could stop at any time. He advised us that he know what his rights were and they had been explained to him beforehand when the officers had arrested him. We then asked him if he wished to talk to us. He said he might as well. * * *"

Defendant testified as to his interrogation and further testified that he requested a lawyer and was told one would be provided at preliminary arraignment. The officer testified in effect that he had given defendant full scope of the Miranda warning, and that defendant never did request a lawyer.

Officer Hervey further testified, before the jury, that defendant admitted breaking into the phone with his friend, Joe, at 5:00 a. m., July 23, 1968. Defendant did not testify nor offer evidence in his behalf.

On appeal it is first contended that the evidence was insufficient to support the verdict of the jury. We are of the opinion that the evidence is sufficient to support the verdict of the jury, for as we stated in Fields v. State, Okl.Cr., 322 P.2d 431:

"The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis in the evidence, on which the jury can reasonably conclude that accused is guilty as charged."

Since the jury could reasonably conclude from the evidence, that the defendant was guilty as charged, we are of the opinion that this assignment of error is without merit.

Defendant next contends that the punishment imposed is excessive. This assignment of error, likewise, is without merit, for we have repeatedly held that:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

See LaRue v. State, Okl.Cr., 404 P.2d 73, and Johnson v. State, Okl.Cr., 386 P.2d 336.

A reading of the transcript reveals that the sentence of seven years in the penitentiary was reasonable under the circumstances and facts presented.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.