**Fred John MILLER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14911.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied Nov. 10, 1969.

On Second Rehearing Sept. 30, 1970.

Raymond E. Theimer, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Fred John Miller was convicted in the District Court of Oklahoma County for the offense of Receiving Stolen Property, and from the judgment and sentence fixing his punishment at one year imprisonment in the State Penitentiary at McAlester, and a fine of $500.00, he appeals.

The record reflects that on the 5th day of February, 1966, the home of Mr. and Mrs. Guy Moore, was burglarized and a three-year old color television set, originally purchased for a price of between $800.00 and $1,000.00, was stolen, together with other personal property of the Moores'. Melton Gene York, after having been granted immunity, testified that he burglarized the Moore home, from which he removed the color television set, together with the other personal property belonging to the Moores', which he transported to his home, and a short time thereafter, took the television set, together with a truckload of stolen property, including a stereo, silverware, etc., to the place of

business of Fred John Miller, defendant below, located in Oklahoma City. He offered to sell the color television set to one of defendant's employees for $150.00, but being unable to complete the sale, sold all of the stolen merchandise to the defendant. The television set was unloaded from York's vehicle by Mike Jones and Jim Martz, and placed on the Liquidation Sales premises of which the defendant was part owner. The television set was covered with a furniture pad, and some time thereafter, was sold by the defendant to one Lester Sabolich. At the defendant's directions, Mike Jones transported the television set to the Sabolich's residence, located at 2512 Denniston Drive, where he installed it and received from Mrs. Sabolich a check, dated February 12, 1966, in the sum of $175.00, made payable to Fred Miller, defendant herein, and subsequently deposited in the Guaranty National Bank with the signature of Miller as endorser. The record further reflects that Milton Gene York had at one time been employed by the defendant and he had sold the defendant numerous televisions and other articles.

Jim Martz testified that he had heard a conversation between the defendant and his partner, Bobby Dean, wherein "Fred Miller told Bob he was going to have to be careful of the merchandise because if Gene York brought it in it was hot."

Officer Tony Basolo, of the Nichols Hills Police Department, testified that he went to the Sabolich's residence for the purpose of determining if there was a stolen color television there on the 6th day of March, 1967, and that he was admitted by Mrs. Sabolich and permitted to examine the television set and take its serial number. Officer Basolo informed Officer Blair and Officer Hervey of the Oklahoma City Police Department of the presence of the television set on the Sabolich premises and thereafter a search warrant was procured for a search of the Sabolich residence for the color television set which was executed by the seizure of said tele-

vision set from the Sabolich residence on the 14th day of March, 1967. This television set was identified by its owner as being the one taken from her residence on the 5th day of February, 1966.

A number of witnesses testified on behalf of the defendant, including Mr. Sabolich. Sabolich denied having purchased a television set from the defendant, but asserted that he purchased it from one of the employees. He admitted having made numerous purchases from Miller and acknowledged the friendly relationship existing between them. Other witnesses were called for the defendant and their testimony was introduced for the purpose of attempting to discredit the State's witnesses who had previously testified. The defendant testified in his own behalf that he had not purchased the television set from York, nor had he sold the same to Mr. Sabolich, but acknowledged that the endorsement on the check could be his. It was defendant's further testimony that he had been out of state frequently during February, 1966, and he introduced exhibits showing receipts for hotel bills, etc., from out-of-state covering a portion of the month of February.

There are twelve assignments of error presented in the Petition in Error and argued under a single assignment of error in defendant's brief, which we will consider under four assignments of error.

■ The first assignment of error is that the trial court erred in refusing to quash the evidence, consisting of three rifles seized under authority of a search warrant issued on the 22nd day of February, 1967, for the search of Millers Floor Company, located at 4713 N.W. 10th, Oklahoma City, Oklahoma, the same being a business establishment owned and operated by the defendant and a different business operation and address than either Liquidation Sales, located on North MacArthur, or the Sabolich residence, located at 2512 Denniston Drive.

We note at the outset that at no point during the trial did the State ever seek to introduce for the jury's consideration, the

rifles taken under authority of said warrant; however, reference was made to the rifles together with other property taken from the defendant's residence at several points during the trial and in the defendant's testimony during direct and cross-examination, without an objection being interposed thereto, or exception taken to the ruling of the court. Since the items seized under the warrant were not sought to be introduced into evidence, and since a reference to them was made by the defendant both on direct and cross-examination, we are of the opinion that the validity or invalidity of the search warrant for the same is not properly before this Court.

This leads us to a consideration of the defendant's assignment that the search warrant authorizing the seizure of the television in question from the Sabolich residence, executed on February 22, 1967, was void and invalid and therefore the conviction must be reversed. Here, again, the defendant has failed to preserve this question for consideration on appeal, for when the State sought to introduce the search warrant under authority of which the television was seized, the defendant's counsel objected to its introduction and the objection was by the court sustained. We cannot presume from a silent record, made silent by the objection interposed to the admission of the warrant by defense counsel, that said warrant was void or invalid. However, had the warrant or affidavit for the search warrant under which the television was seized, been invalid and void, the defendant could not assert the invalidity of the warrant as being a violation of his personal right against search and seizure since the search was on the premises under the control of Mr. and Mrs. Sabolich and was for property under their dominion and control. We have repeatedly held:

"Constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

See Jones v. State, Okl.Cr., 302 P.2d 502.

It is next urged that defendant was prejudiced throughout the course of the trial in that he was frequently required to object to questions propounded by the prosecutor and that the conduct of the trial court throughout the course of the trial indicated a partiality toward the prosecution and thus operated to deny the accused of a fair and impartial trial as guaranteed by the due process clause of the Federal Constitution. Our examination of the record leads us to conclude that in the lengthy proceedings before the trial court, numerous objections were interposed by both parties and the trial judge, in ruling on these objections, did not in any way indicate to the jury a partiality either toward the State or the defense. We are of the opinion, and therefore hold, that this assignment of error is wholly without merit.

This leads us to a consideration of the defendant's assignment of error that the trial court erred in giving Instruction No. 5 in that the same placed upon the defendant the burden of going forward with the evidence to prove his innocence. The complained of instruction reads as follows:

"The possession of recently stolen property found in the possession of one alleged to have received it, knowing at that time or having reasonable cause to believe that it was stolen property, may be explained, but such possession is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with receiving stolen property.

The mere possession of property recently stolen is not alone sufficient to convict the possessor of knowingly receiving stolen property, but when such fact is supplemented with other facts inconsist-

ent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly receiving stolen property."

We are of the opinion that when this instruction is read, together with Instruction No. 2[1] and the other instructions, it is readily apparent that this assignment of error is wholly without merit and unsupported by the record.

In conclusion we observe that the evidence, although conflicting, amply supports the verdict of the jury and under all the circumstances, the punishment imposed is substantially less than normally would be imposed.

For all of the reasons above set forth, the judgment and sentence is affirmed.

BRETT, P. J., concurs.

## OPINION ON PETITION FOR SECOND REHEARING

BRETT, Presiding Judge:

The above styled and numbered appeal was reconsidered on plaintiff in error's petition for rehearing in which the evidence used to convict plaintiff in error is attacked and on which it is asked that the conviction be reversed; however, after reconsidering the record we are confronted with the rule stated in Hall v. State, Okl. Cr., 306 P.2d 361, 363:

"Where there is any evidence reasonably tending to support the jury's verdict, the same will not be reversed, vacated, or set aside on appeal." See also: Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; and Dodson v. State, Okl.Cr., 284 P.2d 437.

■ In reviewing the evidence contained in the two volumes of the casemade, we are not overly impressed with the strength of it in the instant case. The chief witness testified that he would be assisted in obtaining a position as "trusty" in the state penitentiary, if he would testify against the plaintiff in error; and certain inconsistencies exist in the testimony of other witnesses produced by the prosecution, which lessened its value; and the numerous references to other stolen property even though denied were not supported by the prosecution, other than to leave certain implications. Therefore, in keeping with the ends of justice, and to provide for its proper administration, we find that the sentence imposed by the jury in this case wherein plaintiff in error was assessed with a fine of $500.00, court costs, and imprisonment in the county jail for one year, should be modified. Hence, under the authority of 22 O.S.1951, § 1066, the judgment and sentence imposed herein is modified to a fine of $500.00 and court costs, and as modified the judgment and sentence is affirmed.

NIX, J., concurs.

BUSSEY, Judge (concurring in part, dissenting in part):

I reiterate the views expressed in the original opinion, and respectfully dissent from that portion of the opinion modifying the judgment and sentence.

---

1. "* * * The defendant is presumed to be innocent of the crime charged against him, and innocent of each and every material element constituting such offense, and this presumption of innocence continues until such time as his guilt is shown to your satisfaction beyond a reasonable doubt * * *"