The STATE of Oklahoma, Appellant,

v.

Blair Angus SHORNEY, Appellee.

No. M-73-265.

Court of Criminal Appeals of Oklahoma.

June 28, 1974.

Curtis P. Harris, Dist. Atty., Bill J. Bruce, Asst. Dist. Atty., for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Judge:

The State of Oklahoma, by and through the District Attorney for the Seventh Judicial District, presents this appeal upon a reserved question of law, pursuant to 22 O.S. 1971 § 1053(3). Blair Angus Shorney was charged with the misdemeanor offense of Possession of Marihuana, his Motion to Suppress the purported marihuana seized from his vehicle was sustained and he was acquitted on the charge. From these adverse rulings, the State has appealed to this Court challenging the conclusions of law made by the trial judge. The State concedes that jeopardy has attached and

that regardless of the outcome of this appeal, Blair Angus Shorney may not be tried again for this offense.

Certain facts brought forth at the hearing on the Motion to Suppress are relevant for discussion of the specifications of error urged by the State. The record reveals that on January 31, 1973, Blair Angus Shorney, an 18 year old licensed driver, was driving his car within the city limits of Oklahoma City, and E. W. Stevenson, Jr., an officer with the Oklahoma City Police Department, began pursuing him for an alleged traffic violation. Mr. Shorney's car ran out of gas at a location west and north of the intersection of Council Road and the Northwest Highway and he parked it in a proper parking zone parallel to the curb. Mr. Shorney was accompanied by three young male passengers who were all licensed drivers. Officer Stevenson's testimony revealed that he walked up to Shorney's car, placed him under arrest, and took him back to the police car. After searching Shorney, the officer advised him that he was going to impound his car and called for a wrecker on the police radio. Officer Stevenson then walked back to Shorney's car and advised the three passengers to leave on foot. The officer stated that he had no reason to doubt Shorney's claim of ownership of the car and that he was aware that a gas station was located a quarter of a mile from the location. After advising the boys to leave, Officer Stevenson and Shorney drove up to the Northwest Highway to wait for the wrecker. The three boys walked toward them carrying Shorney's tape deck which they made no effort to conceal and, although Shorney did not request him to do so, Officer Stevenson told them to return it to the car. They left in the direction of Shorney's car which was not visible from the location of the cruiser. They did return the tape deck to the unattended car as the officer observed it there later.

Approximately 30 minutes after the arrest had been made, the wrecker arrived and Officer Stevenson and Shorney returned to the location of the vehicle. At Officer Stevenson's direction, the wrecker driver made an inventory of the vehicle. In the process of this inventory, he summoned the officer and called his attention to a hole cut out in the quarter panel of the left rear door. From this hole he took a plastic sack containing the purported marihuana which was seized as evidence to form the basis of this charge.

The trial court, in sustaining the defendant's Motion to Suppress, ruled that the impoundment of the defendant's vehicle was illegal for failure of the arresting officer to advise the defendant of the option of authorizing one of the passengers to take custody of the automobile; therefore, the subsequent inventory was illegal and the marihuana seized as a result thereof, was not admissible.

The State asserts this ruling as error arguing that Officer Stevenson had no duty to advise Shorney of this option. Contending that an arrested driver bears any and all burden to object to impoundment and to inquire of the police as to possible options, the State maintains that the impoundment was a legal action authorized by the Ordinances of Oklahoma City. We agree.

First, it is our opinion and we so hold that municipalities have the authority, by proper ordinances, to authorize their respective police departments to impound vehicles in certain situations, one being when the driver of a vehicle is placed under arrest and taken into custody. Further, we hold that an arresting officer has no mandatory legal duty to advise an arrestee of any administrative regulation authorizing the release of his automobile to a third party instead of having it impounded, when any such regulation exists.

The pertinent portions of these Ordinances regarding impoundment of vehicles, Oklahoma City Code, Article 19, Sections 34–280, et seq., are as follows:

"The impoundment of vehicles under authority of the provisions of this Chapter shall be construed as an enforcement procedure for protection of the public

peace, safety and welfare, and the safeguarding of property, and shall be used generally for the prevention and removal of traffic hazards, prevention and abatement of public nuisances arising from traffic law violations, protection of the public rights in the use of city streets and thoroughfares from obstructions placed and left in derogation of those rights, and for safeguarding and protecting recovered stolen vehicles. § 34–280

"Members of the Police Department are hereby authorized within the limits set forth in this Article, to impound vehicles under the circumstances hereinafter enumerated. No impoundment shall be valid unless made under order of an authorized police officer and in strict adherence with the procedures required in this Article. § 34–284

"Whenever the driver or person in charge of any vehicle is placed under arrest and taken into custody and detained by police under circumstances which leaves or will leave a vehicle unattended on any street or highway, the vehicle may be impounded." § 34–288

█ Clearly, the facts in the instant case fall within § 34–288 above, therefore, the arresting officer was justified in impounding the defendant's automobile.

█ It is therefore our opinion that the trial court erred in sustaining the defendant's Motion to Suppress based upon an illegal impoundment. However, we do find that the defendant's Motion to Suppress should have been sustained for the reason that the inventory was conducted by the wrecker driver. This Court has previously held, in the case of Gonzales v. State, Okl.Cr., 507 P.2d 1277 (1973) that authority to conduct a "police inventory" cannot be delegated to another and contraband seized as a result of such inventory should be suppressed.

█ We must point out that nothing in this opinion should be interpreted to preclude an arresting officer (in conformity with administrative regulations promulgated by proper department heads) from releasing an arrestee's vehicle to a duly licensed third party *at the request of the arrestee.* When said regulations are adopted by proper department heads, they must be uniformly applied and not used as a substitute to perform a warrantless search on mere suspicion.

For the above stated reasons, the trial court's Order sustaining the defendant's Motion to Suppress and Dismiss said cause, is affirmed.

BLISS, P. J., and BRETT, J., concur.