**Christopher PATRICK, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–75–432.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1976.

Thomas R. Cook and Sidney Gorelick, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Christopher Patrick, hereinafter referred to as defendant, was charged, tried and convicted in a non-jury

trial in the District Court, Oklahoma County, Case No. CRM–75–47, for the offense of Unlawful Possession of Marihuana, in violation of 63 O.S.1971, § 2–402, ¶ B 2. His punishment was fixed at a term of one (1) year imprisonment with the same being suspended. From this judgment and sentence he has perfected his timely appeal to this Court.

The State's first witness at trial was Oklahoma City Police Officer Kenneth Linn who testified that on the evening of January 4, 1975, he observed the defendant in a white 1965 Chevrolet traveling 35 miles per hour in a 25 mile per hour zone. After Officer Linn stopped the vehicle, the defendant got out and was approaching the patrol car when he was advised that he was going to be issued a citation for speeding. Before placing the defendant in the patrol car, Officer Linn conducted a "pat search." After strenuous objection by the defendant the witness related that he placed the defendant under arrest for a felony committed in his presence and made an inventory search of the defendant's vehicle based on the custodial felony arrest. Officer Linn stated he found marihuana on the floorboard, in the seat and in the console. The defendant was then arrested for possession of marihuana.

Officer Linn then testified that he had received training in the identification of controlled dangerous substances as well as field experience with marihuana, relating the method used to identify the marihuana and further stating that in his opinion the substance found in the defendant's car was marihuana. On cross-examination Officer Linn testified that he conducted an inventory search of the vehicle because the wrecker had been called to impound the vehicle and to protect himself from being subject to suit if anything were later found to be missing from the vehicle.

The State next called Melvin Hett who testified he was a forensic chemist for the Oklahoma State Bureau of Investigation. He testified that he performed three tests on the substance found by Officer Linn

and from these tests he determined the substance to be Cannabis sativa L, commonly known as marihuana.

The defendant predicates this appeal upon three assignments of error, however, we are of the opinion that only defendant's second assignment of error necessitates discussion. The defendant's second assignment of error asserts that the trial court committed reversible error in failing to sustain defendant's motion to suppress the introduction of the marihuana into evidence for the reason that the illegality of the search had been previously and finally determined in the Oklahoma County District Court Case No. CRF–75–1016.

■ We concur in the contention that the defendant's motion to suppress the introduction of the marihuana into evidence should have been sustained, however, not for the reasons alluded to by defendant. Certainly, the fruits of a reasonable inventory search performed pursuant to lawful impoundment of a vehicle would be admissible into evidence. See, *Fruit v. State,* Okl.Cr., 528 P.2d 331 (1974) ; *State v. Shorney,* Okl.Cr., 524 P.2d 69 (1974), and *Bennett v. State,* Okl.Cr., 507 P.2d 1252 (1973). However, the legality of the impoundment and subsequent inventory search must rest upon the legality or lawfulness of the initial arrest for which defendant is to be taken into custody. Such reasoning was recognized in *Fruit v. State,* supra, 528 P.2d at 334.

■ In the instant case the officer's testimony reveals that he was not going to take the defendant into custody for speeding, but only a citation was to be issued. The officer further testified that pursuant to a pat-down search the defendant was placed under arrest for a felony committed in the officer's presence. The officer thus acted pursuant to his authority found in 22 O.S.Supp.1975, § 196.

However, the attendant facts to the patdown search and to the particulars of the felony arrest are nowhere to be found in the record. The record of the alleged felony arrest in CRF–75–1016 is not before us.

We cannot take judicial notice of facts not a part of the record at which time the motion to suppress was ruled upon by the trial court. That record before us simply reflects that the inventory search resulting in the discovery of the marihuana and subsequent arrest for possession of marihuana were pursuant to some felony arrest, and to so describe it in the record is a pure conclusion. The record before us is totally devoid of evidence to show the legality of the felony arrest, a necessary prerequisite to establish the legality and lawfulness of the impoundment and subsequent inventory search. See, *Fruit v. State*, supra, at 334. We cannot be left to speculate with regard to the validity or legality of the felony arrest and for this reason the record is wholly insufficient to establish the legality and lawfulness of the inventory search or fruits thereof pursuant to the felony arrest. Therefore, we feel the admissibility of the marihuana was not proved and thus the instant case must be reversed and remanded for a new trial.

Reversed and remanded.

BRETT, P. J., and BUSSEY, J., concur.