James Douglas **BAKER**, Appellant,

v.

**The STATE of Oklahoma**, Appellee.

No. F-76-44.

Court of Criminal Appeals of Oklahoma.

April 16, 1976.

Gordon R. Melson, Peveto & Melson, Ada, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Douglas Baker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pontotoc County, Case No. CRF-75-47, for the offense of Burglary in the Second Degree, in violation of 21 O.S., § 1435. His punishment was fixed at a term of seven (7) years in the State penitentiary and from said judgment and sentence a timely appeal has been perfected to this Court.

Maxine Kirkpatrick testified for the State that she was married to one James Kirkpatrick and resided on a small acreage in a two bedroom brick home located approximately eight and one-half miles north of the city of Ada, Oklahoma, Pontotoc County. She further testified that her husband was employed as the President of the Oklahoma State Bank, Konawa, Oklahoma, and that she was the owner and operator of a small clothing store in Konawa. Witness Kirkpatrick testified that on the 28th day of April, 1975, she was off work and left her home with her four-year-old daughter at approximately 10:00 a.m. to go to the grocery store in Konawa, Oklahoma. Upon returning at approximately 10:30 a.m. she observed a blue 1968 Chevrolet automobile parked in her driveway. Not knowing for certain to whom the automobile belonged, she pulled into the driveway, parked her car, locking her daughter in her car, and walked up and stood behind the blue car. She stood behind the blue car a few minutes, observed that the front door of her home was open, and then observed a man running around the side of the house carrying a clothes hamper. The clothers hamper was jingling as the man ran. She described the clothes hamper as an ordinary clothes hamper, green in color, which she kept in her bedroom. She then identified the defendant, in court, as the man she had observed coming around the corner of her house. Witness Kirkpatrick then testified that the defendant got into his car and drove away, taking the clothes hamper with him. She had seen the defendant on at least two previous occasions, the first being when she waited on the defendant at her clothing

store in Konawa and the second being when she observed the defendant at Herman's Drive Inn, just outside of Konawa.

Mrs. Kirkpatrick further testified that after the defendant departed her premises she went into her home and called her husband. Approximately 15 or 20 minutes later Mr. Kirkpatrick arrived at the house and then the Pontotoc County Sheriff's Department was called. Witness Kirkpatrick noticed that her television set, her stainless steel tableware, and some jewelry were missing from her home in addition to the clothes hamper. She then identifed State's Exhibits Nos. 1 and 2 as being two pictures of the front door of her home, taken on the day in question.

Witness Kirkpatrick testified lastly that when she left to go the grocery store that morning the windows and doors to her home were locked. Upon her return all the windows and doors were locked with the exception of the front door, which had apparently been kicked in, and the back sliding door, which was open.

James Kirkpatrick testified that he was the President of the Oklahoma State Bank in Konawa, and had been so employed for approximately five years. He stated that he lived approximately ten miles north of Ada, Oklahoma, Pontotoc County, and resided in his home with his wife, Maxine Kirkpatrick, the previous witness, and their four-year-old daughter. At approximately 10:45 a.m. on April 28, 1975, he received a call from his wife who told him that their house had been broken into, whereupon he left his job and drove immediately home. Upon arrival at his home, he called the Pontotoc County Sheriff's office and reported that his home had been broken into. Mr. Kirkpatrick testified that a color television set, a set of stainless steel tableware, various jewelry items, and a clothes hamper were all missing from the home. Finally, witness Kirkpatrick testified that State's Exhibits Nos. 1 and 2 were correct representations of the condition of the front door to his home on the day in question.

Paul Roan testified that he was employed as a Deputy Sheriff for the Pontotoc Sheriff's Office and had been so employed since November of 1972. Deputy Roan arrived at the Kirkpatrick residence at approximately 11:00 a.m. on the 28th of April, 1975. Deputy Roan then identified State's Exhibits Nos. 1 and 2 as being pictures he had taken on the day in question of the front door of the Kirkpatrick home. At this time State's Exhibits Nos. 1 and 2 were offered and admitted into evidence. Deputy Roan then identified State's Exhibits Nos. 3 and 4 as being pictures taken by Deputy Don Kaiser on the day in question.

Burl Griffin testified that he was the Pontotoc County Sheriff and had been for the past 12 years. Sheriff Griffin testified he went to the Kirkpatrick's residence, located approximately nine miles north of Ada, as the result of a reported break-in at that location. He related that upon his arrival at the Kirkpatrick's he observed the front door had been broken into and identified State's Exhibits Nos. 1 and 2 as properly depicting the condition of the door as he found it upon his arrival. The Sheriff observed tire tracks in the front drive which gave the appearance of an automobile leaving at a high rate of speed, and further observed that the house had been ransacked. Finally, Sheriff Griffin testified that as a result of the investigation the defendant was arrested. The State then rested.

The defendant did not take the stand nor offer any evidence in his behalf.

The defendant's first assignment of error asserts that the trial court committed reversible error in not granting a mistrial by reason of an "evidentiary harpoon" interjected during the State's case in chief. The complained of evidentiary harpoon came out in witness Maxine Kirkpatrick's testimony at pages 16 and 17 of the official transcript wherein the District Attorney asked the following questions:

"Q. Have you seen him any other time?

"A. Yes, sir.

"Q. Where have you seen him before?

"A. Where we eat lunch, *and the first time I ever saw him, was shortly after he had broken into the bank.*" (Emphasis added)

We first observed that no objection was made to the alleged evidentiary harpoon. This Court has consistently held that the defendant must not only object to improper statements of a witness, but must go further and move the court to exclude such remarks from the jury's consideration, and instruct the jury not to consider such statement. Such failure constitutes a waiver of any error which might have occurred. See, *Turman v. State*, Okl.Cr., 522 P.2d 247 (1974), and cases cited therein. Further, we note from the record that the statement made by the witness seems to have been inadvertently made, without the intent of prejudicing the jury. It further appears that the jury was not even aware of the statement made by the State's witness, as the defense attorney's excuse for not objecting to the statement is "I did not hear it." Further, the evidence in this case is so overwhelming as to the defendant's guilt that it is our opinion that a jury would not reach a different conclusion if this case were returned for a new trial. We therefore find this assignment of error to be without merit.

Defendant's second assignment of error asserts that the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. We need only observe that, in the instant case, the punishment was within the range provided by law and does not shock the conscience of this Court. See, *Roberts, v. State*, Okl.Cr., 473 P.2d 264 (1970).

It is therefore our opinion, finding no merit to the assignments of error presented, that the judgment and sentence appealed from should be, and the same is hereby, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.