Joseph Wayne LAMB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–920.

Court of Criminal Appeals of Oklahoma.

March 4, 1977.

Joseph Wayne Lamb, pro se.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge.

Joseph Wayne Lamb, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–76–589, for the offense of Carrying a Firearm, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1283. His punishment was fixed at five (5) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

124

Officer Jim Highfield testified that on February 13, 1976, at approximately 12:45 a. m., he observed a vehicle traveling at a very slow rate of speed, straddling both lanes of traffic, on Southwest 29th Street in Oklahoma City. The vehicle turned into a motel parking lot. He turned on the red light of the police unit and the vehicle stopped in the middle of the lot. The driver, whom he identified in court as the defendant, got out of the vehicle. Defendant's speech was slurred and he had difficulty with his balance. Defendant was placed under arrest for Driving Under the Influence and informed of his Constitutional rights. The vehicle was impounded and Officer Marrow conducted a custodial inventory prior to the arrival of the wrecker. Officer Marrow found a blue bank bag containing a loaded .22 caliber pistol, under the front seat of the vehicle.

On cross-examination, Officer Highfield testified that he was informed that the defendant resided in the motel prior to the time the car was impounded. The car was stopped approximately 200 feet from the parking space for defendant's room. He stated that it was departmental policy to impound a car when the driver is arrested and there is no one present in a sober condition to whom the car could be released.

Officer Glenn Marrow testified that he was with Officer Highfield when defendant's car was stopped. Defendant was placed under arrest and a wrecker was called to impound the vehicle. He conducted a custodial inventory of the vehicle prior to the arrival of the wrecker. He identified State's Exhibit No. 1 as a .22 caliber six-shot revolver he found in a blue bank bag protruding from under the driver's side of the car. Defendant stated that he had recently purchased the gun to take with him on hunting and fishing trips.

On cross-examination he testified that a chemical test was administered to the defendant and that the test showed no alcohol in defendant's blood stream.

The parties stipulated as to defendant's three prior felony convictions.

Defendant testified that he was aware that it was illegal for him to carry a firearm because of his prior convictions. He did not have any knowledge that the gun was in his car, or how it got there. The officer asked him about the gun on the night in question and he told him that it was not his gun. He testified that he was in the process of purchasing the car from Fred Baker and that Baker still had some of his possessions in the car. He had loaned the car earlier that evening to two lady friends.

In rebuttal, Officers Highfield and Marrow testified that defendant did not inform them that he had loaned his car to any other person that evening. Fred Baker testified that he did not own a pistol, nor did he leave any personal property in the car which he sold to the defendant.

In his first assignment of error, defendant asserts that the trial court erred in admitting the evidence obtained by the inventory search of his automobile. We disagree. The evidence adduced that defendant's vehicle was stopped after the officers observed him driving at a very slow rate of speed and straddling both lanes of traffic. Defendant's speech was slurred and he had difficulty standing and walking. Defendant was placed under arrest and the car was properly impounded according to the departmental policy of the Oklahoma City Police Department in that there was no other person present to whom the car could be released. The bank bag which contained the weapon was in plain view, protruding from the driver's seat of the vehicle. We thus conclude that the arrest was lawful and that the subsequent inventory search was reasonable in that it was performed in accordance with a valid departmental policy. See *State v. Shorney*, Okl.Cr., 524 P.2d 69 (1974); *Fruit v. State*, Okl.Cr., 528 P.2d 331 (1974); and *Patrick v. State*, Okl.Cr., 545 P.2d 819 (1976).

Defendant next contends that the trial court erred in not submitting proper verdict forms to the jury. Defendant argues that the trial court should have submitted the following verdict forms:

"(1) Guilty with punishment of fine and imprisonment.

(2) Guilty with punishment of fine only.

(3) Guilty with punishment of imprisonment only.

(4) Guilty of 'Carrying a firearm after former conviction of a Felony' with punishment of imprisonment."

We are of the opinion that this contention is patently frivolous. The former convictions were not only stipulated to by defendant, but admitted upon his direct examination. Title 21 O.S.1971, § 1284, provides that the punishment for carrying a firearm after former conviction of a felony shall be not less than one (1) year, nor more than ten (10) years. We would further observe that although the verdict forms were not made a part of the record, it is readily apparent from the court's instructions that the verdict forms submitted to the jury were proper.

■ Defendant asserts, as his final assignment of error, that the trial court erred in conducting the trial in a one-stage proceeding. We need only observe that the record does not show that defendant objected to the one-stage proceeding at trial, and raises it for the first time on appeal. By so failing to offer timely objection, defendant is deemed to have waived the error, if any. See *Overstreet v. State*, Okl.Cr., 483 P.2d 738 (1971).

In conclusion, we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence appealed from is, accordingly,

BLISS, J., concurs.

BRETT, J., concurs in results.