Jerry Lynn BRIDGMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-478.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1977.

George W. Butner, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jerry Lynn Bridgman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Seminole County, for the offense of Larceny of an Automobile, in violation of 21 O.S.1971, § 1720. Pursuant to the jury's verdict the defendant was sentenced to serve a period of five (5) years in custody of the State Department of Corrections on December 30, 1975. From such judgment and sentence the defendant appeals.

At the trial the State called two witnesses. The first was Mr. Richard Paul Milligan who stated he was the manager of a Stuckey's Store located on Interstate 40 at Cromwell, Oklahoma. On September 16, 1976, he owned a 1961 automobile which was an Alfa Romeo sports car. He had last seen his car parked at the Stuckey's Store at approximately 8:00 a. m. on September 16, 1976. At approximately 8:00 a. m. on the 17th of September, 1976, Mr. Milligan noted that his car was missing. Upon searching the surrounding area and failing to find his automobile he then notified local authorities. He stated that he gave no one permission to take or remove his automobile.

When he recovered his car, it appeared that the car had been "hotwired" in that the ignition switch had been removed and was lying on the floor and the wires that connect the same to the starter were hanging down from the dash.

The final witness for the State was Oklahoma Highway Patrol Trooper James Foxx. Trooper Foxx identified the defendant and stated that he first observed him at approximately 10:30 p. m. on September 16, 1976, on Interstate 40 approximately 20 miles east of the Stuckey's mentioned above. He stated that defendant was sitting behind the wheel and that the automobile lights were on and the motor was running. He observed the defendant attempting to put the convertible top up, as it had been misting rain for approximately one hour. The trooper remained seated in his patrol unit while he radioed to check on the ownership of the automobile. The defendant exited the car and approached the trooper and asked the trooper to help him raise the top. Upon learning that the car was registered to Mr. Milligan, the Trooper approached the defendant and asked for identification. The defendant failed to produce a driver's license but did produce some form of identification. At this time the trooper placed the defendant under arrest for "Larceny of an Automobile" and upon examining the automobile thereafter noticed a backpack and the fact that the ignition wires were hanging loose from the dash. After advising the defendant of his Constitutional Rights the trooper then inquired as to the ownership of the automobile. The defendant replied that it had been loaned to him by a friend named Jack. Upon further inquiry the trooper learned that the defendant did not know the last name of the person named Jack.

Following this testimony the State rested. The defendant demurred, which was overruled, and rested.

■ For his first assignment of error, the defendant alleges that the trial court erred when it failed to sustain his Demurrer to the State's case for the reason that there was insufficient evidence to convict the defendant as a matter of law.

With this contention we cannot agree. We hold that the trial court properly submitted the matter to the jury. In his Brief the defendant argues that there was a lack of proof on behalf of the State concerning the taking and asportation by the defendant. The defendant further argues that the mere possession of recently stolen property taken alone is insufficient to sustain a conviction for larceny. However, in the instant case there was sufficient evidence independent of the mere possession by the defendant to justify submission of the issue to the jury. Both of the State's witnesses testified that the automobile ignition had been "hotwired." Trooper Foxx testified that the defendant was unable to place the convertible top on the automobile while it was raining. In addition, the defendant stated that an expensive sports car, to-wit: an Alfa Romeo, had been loaned to him by a friend named Jack whose last name he did not know.

In *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970) we stated:

"The mere possession of property recently stolen is not sufficient to convict the possessor of Larceny or Burglary of it, but when the fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

See also *Lemmon v. State*, Okl.Cr., 538 P.2d 596 (1975), and *Ainesworth v. State*, Okl.Cr., 537 P.2d 440 (1975).

In the case at bar there was obviously other evidence inconsistent with an honest possession. The automobile was registered to a Paul Milligan and not a person whose first name was Jack. Furthermore, there are the inconsistencies mentioned above.

■ Moreover, it is not necessary that the State prove each and every allegation by eyewitness testimony.

"This court has consistently held that where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defend-

ant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence." *Ball v. State*, Okl.Cr., 507 P.2d 1342 (1973).

And finally this court has so held on previous occasions in cases involving Grand Larceny. See *Williams v. State*, Okl.Cr., 364 P.2d 702 (1961). In that case we upheld the trial court's decision that the taking and asportation in a Grand Larceny of an automobile case could be proven by circumstantial evidence.

█ For his second assignment of error the defendant objects to the Instructions given by the court. More specifically, the defendant objects to Instruction No. Five concerning the possession of recently stolen property. The Instruction reads as follows:

"The possession of recently stolen property found in the possession of one alleged to have stolen the same may be explained, but such possession is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with the theft thereof.

"The mere possession of property recently stolen is not alone sufficient to convict the possessor of larceny, but when such fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant."

Specifically, the defendant argues that this Instruction violates the defendant's Fifth Amendment Right to remain silent and compels him to testify in order to explain away the possession of the automobile.

We hold that the trial court did not err in giving this Instruction. This Court had occasion to pass upon an Instruction in a case almost identical to the one at bar. In that case we held:

"Defendant argues that the words 'may be explained' and 'if unsatisfactorily explained' in essence shift the burden of proof to the defendant and compel him to make an explanation contrary to his right to remain silent. It is true that a statutory presumption that a person in possession of stolen property knew it to be stolen, is arbitrary, creates an unconstitutional presumption, and denies the defendant of due process when a jury is so instructed. *Payne v. State*, Okl.Cr., 435 P.2d 424 (1967). However, the instruction in the instant case does not create such an unconstitutional presumption. The instruction in the instant case is identical to the one held to be valid by this Court in *Miller v. State*, Okl.Cr., 481 P.2d 175, 178 (1970). This instruction does not advise the jury that the defendant must explain his possession, rather it advises the jury that the possession *may* be explained, and if unsatisfactorily explained, such possession *may* be considered in determining guilt. The use of the word 'may' is significant. The defendant is not compelled to explain away his possession either by his own testimony or other evidence, and the jury need not consider his possession in determining guilt or innocence. We therefore conclude that the instruction challenged did not unconstitutionally shift the burden of proof from [sic] the defendant." *Jackson v. State*, Okl.Cr., 508 P.2d 277 (1973). [Emphasis original]

See also *Webb v. State*, Okl.Cr., 520 P.2d 825 (1974).

We therefore hold that this instruction neither shifts the burden to the defendant nor compels him to testify in his own behalf.

Finding no error which would cause this Court to either reverse or modify this case we find that the same should be and hereby is *AFFIRMED*.

BRETT, J., concurs.