Tyrone Vincent KELLY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-660.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1980.

Leslie R. Earl, Jr., Public Defender, Patrick G. Vance, Legal Intern, Tulsa County, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Tyrone Vincent Kelly, was charged with the crime of Unlawful Possession of Marihuana pursuant to 63 O.S.1971, § 2–402. After trial in the District Court of Tulsa County, Case No. CRF–78–849, he was convicted on June 6, 1978, and sentenced to a term of nine (9) months in the County jail.

The decision of the trial court was based entirely upon stipulated facts. Officer Dirion of the Tulsa Police Department found the appellant in his automobile at 7:30 a. m. April 2, 1978. The appellant's car was backed up to the front door of a business in an area that is generally a small shopping center. It was apparent to Officer Dirion that the appellant's 1977 automobile license tag had been altered to appear to be a current 1978 license plate, and so the officer arrested the appellant for the altered tag violation pursuant to 47 O.S.Supp.1978, § 22.23. The vehicle was impounded at that time solely on the basis of the altered tag. Prior to impounding the automobile, Officer Dirion conducted an inventory search which revealed a bag of marihuana in the glove compartment. At the time of the impoundment, Officer Dirion had already determined that the car was not stolen.

In his sole assignment of error, the appellant alleges that the evidence used to convict him was secured as the result of an unlawful seizure of his automobile in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Art. II, § 30, of the Oklahoma State Constitution.

■ There is no question that an inventory search, conducted reasonably, is legal. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). First, however, the impoundment of a vehicle preparatory to an inventory search must be valid. See *Satterlee v. State,* Okl.Cr., 549 P.2d 104 (1976).

■ The State argues that an automobile may be impounded for nonpayment of car registration fees, 47 O.S.Supp.1979, § 22.20. While this contention is undoubtedly true, the stipulated facts of the case show that the car was impounded solely for violation of the altered tag provisions of 47 O.S.Supp. 1978, § 22.23. There is no authority for

impounding an automobile under the altered tag statute. Arguably, altered license tags are tangently related to a failure to pay automobile registration fees. However, the crimes are distinct, each offense having been defined in a separate provision of the statute. Each of the two provisions also prescribes its own remedy, to wit: a violation of the altered tag provision entails a misdemeanor punishable by fine, while nonpayment of registration fees compels the impoundment of the violating automobile.[1] Therefore, we cannot say that arrest under 47 O.S.Supp.1978, § 22.23, necessarily includes an offense under 47 O.S.Supp.1979, § 22.20. The arrest, as stipulated, must be limited to the violation of the altered tag provisions.

■ The State cites this Court's recent decision of *Patrick v. State,* Okl.Cr., 545 P.2d 819 (1976), as authorizing any impoundment so long as it is subsequent to a valid arrest. Such a broad interpretation of that case is unfounded. We stated in the *Patrick* decision that:

"[T]he legality of the impoundment and subsequent inventory search must rest upon the legality or lawfulness of the initial arrest for which defendant is to be taken into custody. . . ." (Citation omitted)

This language means that if an arrest is a sham the fruits of a subsequent impoundment and inventory search cannot be used by the police to bootstrap their way to a valid arrest. A feigned or counterfeit arrest will not support an inventory search. See *Gonzales v. State,* Okl.Cr., 507 P.2d 1277 (1973).

■ The *Patrick* case should be viewed as merely an extension of *Fruit v. State,* Okl.Cr., 528 P.2d 331 (1974), and *State v. Shorney,* Okl.Cr., 524 P.2d 69 (1974), wherein we recognized that a proper municipal ordinance may be drawn, authorizing the impoundment of vehicles when the driver is taken into police custody. However, the State has not cited, nor has our review of the Tulsa City Ordinances discovered, any

authority for the impoundment in the present case. It is stated in the pertinent portion of 37 Tulsa, Okla., Traffic Code, ch. 2, § 126 (1971) that:

"A. Members of the Police Department are hereby authorized to remove or cause to be removed a vehicle from a street or highway to the nearest garage . . . under the circumstances hereinafter enumerated:

\* \* \* \* \* \*

"3. When any vehicle is left unattended upon a street by reason of arrest of the driver or otherwise or is so parked as to constitute a definite hazard or obstruction to normal movement of traffic."

"Street" is a defined term under the 37 Tulsa, Okla., Traffic Code, ch. 1, § 1 (1971), as follows: "The whole width between boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." As the appellant's automobile was parked on private property in front of a business, there is no basis under the ordinance for its impoundment. The decision to impound on private property does not properly rest with the police officer. It is incumbent upon the owner of the private property to request removal of a car if he deems it a nuisance or a trespass.

The validity of an impoundment pursuant to a proper departmental policy of the police has also been recognized by this Court. *Lamb v. State,* Okl.Cr., 561 P.2d 123 (1977). The trial court and counsel for the defense, in the instant case, acknowledged that the Tulsa Police Department had established a procedure for conducting an inventory search; there are, however, no departmental guidelines covering the impoundment itself. Consequently, there was not an authorized impoundment under police policy.

■ For the foregoing reasons, we find the impoundment of the vehicle to have been improper and the inventory search, therefore, invalid. The evidence procured from the unlawful inventory should have

---

1. Under 47 O.S.Supp.1979, § 22.20, the car owner must be 30 days delinquent in the payment of his registration fees before the impoundment is authorized.

been suppressed. The judgment and sentence appealed from is *REVERSED.*

CORNISH, P. J., concurs.

BUSSEY, J., dissents.