James Carrell LUMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-547.

Court of Criminal Appeals of Oklahoma.

March 27, 1981.

Robert S. Lowery, Whitebook, Holtz, Gaddis & Mundell, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Eric Bret Zwiebel, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, James Carrell Luman, appeals his conviction and sentence of five (5) years' imprisonment for Knowingly Withholding Stolen Property, After Former Conviction of a Felony, in the District Court of Washington County, their Case No. CRF–79–8. Argument on appeal concerns the following issues: An instruction on possession of stolen property, admission of certain evidence, and prosecutorial conduct.

The first argument concerns the constitutionality of the following instruction regarding possession of stolen property:

> The possession of recently stolen property found in the possession of one alleged to have received it, knowing at that time or having reasonable cause to believe that it was stolen property, *may be explained*, but such possession is a circumstance, which, *if unsatisfactorily explained* to the

jury, *may be considered* in determining the guilt or innocence of the person charged with receiving stolen property. The mere possession of property recently stolen *is not alone sufficient* to convict the possessor of knowingly withholding stolen property, *but when such fact is supplemented* with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly withholding stolen property. (Our emphasis)

In presenting his argument, the appellant refers only to the first paragraph of the instruction and claims that his right to remain silent was effectively abrogated by the instruction, citing the U.S.Const. amend. V; 22 O.S.1971, § 701; and *Griffin v. California*, 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229, (1969). In addressing the issue, this Court will look to the entire instruction.

The question before us is not a novel one. A different instruction on the same element of possession was struck down by this Court in *Payne v. State*, 435 P.2d 424 (Okl.Cr. 1968). That instruction, taken directly from Laws 1961, p. 234, § 1; then 21 O.S. Supp.1967, § 1713; now 21 O.S.1971, § 1713, included the following rebuttable presumption regarding persons in possession of stolen property:

[such persons] shall be presumed to have bought or received such property knowing it to have been so stolen or wrongfully obtained. This presumption may, however, be rebutted by proof.

This statute-based instruction was struck down in *Payne* for lack of a rational connection between the fact proved, possession, and the fact presumed, that the possessor knowingly possessed stolen property. The argument that he had been denied his due process was, therefore, successful.

The instruction before us, however, is identical to the one considered by this Court in *Webb v. State*, 520 P.2d 825 (Okl.Cr. 1974). See also *Bridgman v. State*, 569 P.2d 494 (Okl.Cr.1977). The appellant in *Webb*

also claimed a denial of his Fifth Amendment rights. In distinguishing *Webb* from *Griffin*, this Court found two pertinent grounds. First, the jury in *Webb* was instructed that the appellant's failure to explain possession presented a factual circumstance which may be considered, whereas the *Griffin* jury was effectively told that the appellant's failure to explain effected a tacit admission. As a second distinction, in *Griffin*, the defendant failed to testify in his own behalf and the prosecutor made repeated references to this exercise of that Constitutional right; while in *Webb* the defendant offered an explanation when he took the stand and the jury had an opportunity to interface his credibility against the instruction that an unsatisfactory explanation could provide one basis for determining possession to be unlawful.

As in *Webb*, the instruction provided the jury with an opportunity to consider no explanation or an unsatisfactory explanation as one fact tending to support the guilt of the defendant. Unlike *Webb*, the appellant did not testify in his own behalf, but he did present a defense and put on witnesses to prove that he had been an unknowing possessor of stolen property. This jury had the same opportunity as the *Webb* jury to compare the explanation presented by the defense and the fact of possession. This assignment of error is without persuasion.

In his second proposition, the appellant argues that the admission of a certain State's exhibit, over the defense's objection, resulted in a prejudice outweighing any relevance it may have. The questioned evidence consisted of specific information written on a piece of paper taken from Mr. Magers, who was arrested simultaneously with the appellant. Mr. Magers was in the appellant's company but there is no evidence that he was the unknown party for whom the appellant was making his alleged delivery. In fact, according to the arresting officer, the appellant had employed Mr. Magers to assist him in a job scheduled after the sale of the spray rig.

The record discloses that the slip of paper allegedly bore the following information: a

phone number, an address, and the figure $3,000. The State's obvious use of this evidence was to support its charge that appellant was in knowing possession of the stolen machine and not merely a delivery man in that Mr. Magers, who was arrested with him, possessed tangible evidence of the phone number and address of the work site where Mr. Ross could be located. According to the State, Mr. Ross allegedly had arranged the meeting between the appellant and the prospective purchasers. Further, the appellant had stated that he would take $3,000 for the machine.

■ It is to be noted initially that neither party on appeal has clarified the status of this evidence. The piece of paper was not admitted into evidence; rather, the arresting officer testified to its contents. But, of greater importance, is the fact that the evidence on the piece of paper was corroborative of the State's case and its probative value outweighed any alleged prejudice. See 12 O.S.Supp.1980, § 2403. There was no error.

■ His third contention raises the question of the propriety of certain prosecutorial comments. Of those comments, there are two that merit discussion; the remainder are patently proper. The first is a reference to possible other crimes during the State's closing argument. Although the appellant failed to enter an objection, the trial court should have given an instruction limiting the use of that evidence sua sponte. See *Burks v. State*, 594 P.2d 771 (Okl.Cr. 1979). Nevertheless, this Court has thoroughly reviewed the record and concludes that the evidence was substantial enough to render any negligence on the trial judge's part harmless.

■ The only other comment deserving mention is one which the appellant alleges was a comment on his exercise of silence. In closing, the prosecutor referred to certain unexplained gaps in the defense. These gaps, however, could have been closed by testimony from witnesses other than the appellant, and there was no direct comment on the appellant's failure to testi-

fy. See *Dangerfield v. State*, 542 P.2d 1311 (Okl.Cr.1975). The State, as well as the defense, has the right to communicate, in closing argument, reasonable interpretations, comments and inferences drawn from the evidence. The failure of the defense to provide the name of the seller for whom the appellant was allegedly delivering the stolen rig was a flaw to which the State had every right to draw the attention of the jury.

The appellant's final proposition, that accumulated error requires reversal, is obviously without merit.

The judgment and sentence is therefore AFFIRMED.

CORNISH, J., concurs.

BUSSEY, J., concurs in result.