**Michael Edward WEBB, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–713.**

Court of Criminal Appeals of Oklahoma.

June 15, 1982.

Joseph E. McKimmey, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Michael Edward Webb, the appellant, was convicted of Burglary in the Second Degree in violation of 21 O.S.1981, § 1435, Case No. CRF–79–252, in the District Court of Seminole County. He was sentenced to seven (7) years' imprisonment.

On November 9, 1979, at approximately 10:30 a. m., the owners of a home in Seminole, Oklahoma, left to go to dinner. Upon returning to their home at approximately 4:00 p. m., they discovered that it had been burglarized. At approximately 8:30 p. m.

that same evening the Wewoka City Police Department impounded an automobile, pursuant to a citizen's written complaint. The automobile had been abandoned in the citizen's driveway across the street from Scott's IGA in Wewoka for several hours. An inventory of items in the automobile was conducted by the police officers. These inventoried items were identified as items taken during the burglary of the Stach's home. Included in the inventoried items were a checkbook and a payment book which had the name Michael E. Webb on them. The appellant denied ownership of the automobile, however, he was identified as the person to whom the automobile was released after impoundment.

The appellant had been arrested at 2:00 p. m. on November 9, 1979 at Scott's IGA for attempting to pass a stolen check. At the time of his arrest, the appellant was wearing tennis shoes that were the same size and had the same tread design as a tennis shoe imprint found on a door that had been "kicked in" at the Stach residence.

■ The appellant's first proposition of error asserts that the court erred in giving Instruction No. 7. The complained of instruction allows the jury to consider the unexplained possession of stolen goods as a circumstance when determining the guilt or innocence of the defendant.

This contention is not new to this Court. We have repeatedly reviewed this instruction and discussed its propriety in length. We have consistently upheld its use. *Luman v. State*, 626 P.2d 869 (Okl.Cr.1981), *Doyle v. State*, 578 P.2d 366, 369 (Okl.Cr. 1978), *Webb v. State*, 520 P.2d 825 (Okl.Cr. 1974). In *Bridgman v. State*, 569 P.2d 494 (Okl.Cr.1977), we held quoting from *Jackson v. State*, 508 P.2d 277 (Okl.Cr.1973):

> Defendant argues that the words 'may be explained' and 'if unsatisfactorily explained' in essence shift the burden of proof to the defendant and compel him to make an explanation contrary to his right to remain silent. It is true that a statutory presumption that a person in possession of stolen property knew it to be stolen, is arbitrary, creates an unconstitu-

tional presumption, and denies the defendant of due process when a jury is so instructed. *Payne v. State*, Okl.Cr., 435 P.2d 424 (1967). However, the instruction in the instant case does not create such an unconstitutional presumption. The instruction in the instant case is identical to the one held to be valid by this Court in *Miller v. State*, Okl.Cr., 481 P.2d 175, 178 (1970). This instruction does not advise the jury that the defendant must explain his possession, rather it advises the jury that the possession may be explained, and if unsatisfactorily explained, such possession may be considered in determining guilt. The use of the word 'may' is significant. The defendant is not compelled to explain away his possession either by his own testimony or other evidence, and the jury need not consider his possession in determining guilt or innocence. We therefore conclude that the instruction challenged did not unconstitutionally shift the burden of proof [to] the defendant.

Our position on this instruction remains unchanged. This contention accordingly has no merit.

■ The appellant next contends that the circumstantial evidence against him was so tenuous as to not warrant the jury's verdict. We have reviewed the evidence and do not agree with this contention. It should be remembered that circumstantial evidence has as much legal significance as does direct evidence as long as every reasonable hypothesis other than that of guilt is excluded by the circumstantial evidence. In *Manning v. State*, 630 P.2d 327 (Okl.Cr. 1981), we held in reference to cases proven entirely by circumstantial evidence:

> In such cases, the jury may exclude every reasonable hypothesis except guilt without excluding absolutely every hypothesis except guilt. *White v. State*, 607 P.2d 713 (Okl.Cr.1980). When applying this rule, only the State's evidence is considered, and any conflict between the State's evidence and the appellant's evidence is for the jury's consideration. *Gray v. State*, 561 P.2d 83 (Okl.Cr.1977).

■ The appellant in the instant case presented no evidence refuting his guilt. The jury thus cannot be said to have erred in returning their verdict of guilt unless the State's evidence was insufficient as a matter of law. After a careful review of the transcript, we find that the State's evidence was sufficient and that the jury was justified in its finding that every reasonable hypothesis except that of guilt was eliminated.

■ The appellant's third proposition of error asserts that the trial court erred in overruling a motion to suppress evidence seized during an inventory search of an automobile. The automobile was impounded pursuant to a complaint from the owner of a residence in whose driveway the vehicle had been abandoned. The owner testified that she signed a formal complaint and that the police then had the vehicle towed away. Before the vehicle was towed, the police conducted an inventory search to protect the contents of the vehicle and to protect the officers against false charges of theft. See *Magann v. State*, 601 P.2d 123 (Okl.Cr.1979).

The United States Supreme Court has recognized that many times police officers, in the interest of public safety and in their community care-taking functions, have legitimate reasons to impound vehicles. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). This function of the police officers, however, is not unlimited. This Court, for example, has found it necessary to reverse cases in which police officers impounded vehicles from private property with no showing of their authority to do so. *Lee v. State*, 628 P.2d 1172 (Okl.Cr.1981); *Kelly v. State*, 607 P.2d 706 (Okl.Cr.1980).

In *Lee v. State*, supra, the officers attempted to justify their impoundment on the basis of the Muskogee Police Department policy but were unable to read into the record the relevant portion from their manual authorizing them to do so. Although there are situations in which the facts themselves make it clear that the impoundment is valid, *Lamb v. State*, 561 P.2d 123 (Okl.Cr.1977), *Lee* did not present such a situation. We accordingly held in *Lee* that absent the introduction into evidence of the basis for impounding the vehicle off private property, the impoundment and subsequent inventory search could not be upheld. In *Kelly v. State*, supra, we held that in some situations in order to establish the validity of the impoundment, it is encumbent upon the owner of the private property to request removal of a car if he deems it a nuisance or a trespass.

The instant case presents that situation referred to in *Kelly v. State*, supra. In this case, however, the property owner did testify that she signed a formal complaint about the presence of the vehicle in her driveway before the police officers impounded the vehicle. Her testimony was as follows:

Q. What did the police do when they got there?

A. Well, he went down and looked at it and come back and said we don't know who it belongs to and he said before we could take it away you will have to sign a paper and I said well I don't want to cause any trouble but we do need the driveway.

Q. Did you sign a complaint?

A. I did. after he went to the store for me to try to see if someone over there might know who owned the car over there at the IGA.

Q. Was the car removed?

A. Yes it was that night.

Q. Was it removed at your request?

A. Yes, I signed the paper because we needed the driveway the next morning.

We find this testimony to have sufficiently established in the record the propriety of the officer's impoundment and justification for the subsequent inventory search. We accordingly find that the items seized pursuant to this inventory search were accordingly properly admitted into evidence. Appellant's contention to the contrary is found to be without merit.

■ In his final assignment of error the appellant insists that the sentence of seven

(7) years' imprisonment, the maximum allowed under the statute, is excessive. This assignment of error is without merit. In *Baker v. State*, 549 P.2d 101 (Okl.Cr.1976), and *Thompson v. State*, 467 P.2d 523 (Okl. Cr.1970), this Court upheld the imposition of this sentence. As in those cases, we find the evidence in the instant case justified the punishment.

The judgment and sentence is accordingly affirmed.

BUSSEY and CORNISH, JJ., concur.